The Township of West Bend v. Munch.

---

THE TOWNSHIP OF WEST BEND ET AL. v. MUNCH ET AL.

1. **Townships:** NOT CORPORATIONS. Under the statutes of this State civil townships are not corporations, but merely legal subdivisons of a county for governmental purposes, and cannot sue or be sued.

*Appeal from Palo Alto District Court.*

FRIDAY, OCTOBER 24.

THE plaintiffs allege that they are each civil townships in the county of Palo Alto. The defendants are members of the

board of supervisors of said county. The plaintiffs claim that the defendants have exceeded their jurisdiction in making a distribution of exemptions for taxes for the planting of forest trees in one of the townships of said county by one Adamson, by which the plaintiffs are made to bear part of such exemption which should rightfully be borne by the township where the trees were located and planted. The writ of certiorari was prayed to the end that the alleged illegal order distributing said exemption might be annulled and held for naught.

The defendants demurred to the petition, and among other grounds therefor they averred that "the plaintiffs have not legal capacity to sue in this: The plaintiffs are civil townships of Palo Alto county, Iowa, and the law has not clothed them with corporate capacity, or given them the right to sue or be sued." The court overruled the demurrer on this ground, but sustained it as to other grounds, not necessary to be stated. Both parties appeal.

*George E. Clark* and *Harrison & McCarty*, for plaintiffs.

*Crawford & Soper*, for defendants.

Rothrock, J.—We have not thought it necessary to set out the other grounds of demurrer because, in our opinion, the action cannot be maintained, and the demurrer should have been sustained upon the ground that the plaintiffs have not legal capacity to sue.

1. TOWNSHIPS: not corporations.

A township, under our system of government, is not a corporation authorized to sue and be sued. It is no more than a legal subdivision of the county for governmental purposes Its officers are paid for their services by the county, except in special cases where payment is required to be made by private persons. Code, sections 3808–9–10. Any person elected to a township office, and refusing to qualify, shall forfeit five dollars, which may be recovered by action in the name of the county for the use of the school fund of the county. Section 394. These, and other provisions of the Code, indicate clearly that civil townships have no corporate powers, as such. It is true certain duties are imposed upon township officers. They may,

by proper mandate, be compelled to perform such duties or they may be restrained from illegal acts attempted under color of their offices, but that the township can sue or be sued, finds no warrant in the law. If in the case at bar the plaintiffs should be permitted to proceed with their action and be unsuccessful a judgment against them for costs would be a nullity, because there is no provision of the statute authorizing its payment. The plaintiffs as townships have no funds from which payment can be made, and there is no statute authorizing the levy of a tax for such purpose. The law expressly authorizes counties and school districts to sue, and makes them liable to actions, and provides a method by which judgments against them may be collected. No such provisions are made applicable to townships, and for the reason, as we suppose, it never was intended that they should sue or be sued.

The judgment of the court below in sustaining the demurrer will be affirmed, upon the ground, however, that the plaintiffs have not legal capacity to sue.

AFFIRMED.