WELLS, CLERK OF WASHINGTON TOWNSHIP, V. STOMBACK ET AL

1. **Township:** CANNOT SUE. A township has no legal capacity to sue;—
following *Township of West Bend v. Munch*, 52 Iowa, 132.

2. **Practice:** SUBSTITUTION OF PARTY PLAINTIFF. When an action was
brought in the name of the township as plaintiff and the defendant ap-
peared and demurred on the ground that the township had no legal
capacity to sue and the demurrer was sustained, *held* that it was not
error, under section 2689 of the Code, to allow the clerk of the township
to be substituted as party plaintiff by amendment to the original peti-
tion.

3. **Township Clerk:** RIGHT TO SUE ON ROAD SUPERVISOR'S BOND. The
township clerk being entitled to the possession of the money belonging
to the general township fund (section 981 of the Code), he has the right
to maintain an action for the recovery of such money on the bond of a
road supervisor.

4. **Road Supervisor:** MISAPPROPRIATION OF TOWNSHIP FUND BY: LIA-
BILITY ON BOND. Where the township trustees had set apart as a gen-
eral township fund one half of the taxes levied (Code, §§ 969, 970),
which fund it was the duty of the road supervisor to collect and pay
over to the township clerk (Code, § 981), but which he in fact ex-
pended for bridge materials, *held* a misappropriation of the money for
which he was liable on his official bond.

*Appeal from Jasper Circuit Court.*

FRIDAY, SEPTEMBER 22.

THE defendant Stomback was elected road supervisor of
district No. 10 in Washington township, and gave a bond for
the faithful performance of the duties of his office. This ac-
tion was brought on such bond. The cause was referred and
a finding of facts made by the referee, on which judgment
was rendered for the plaintiff and defendants appeal.

*Winslow & Wilson,* for appellant.

*Clausen Clark,* for appellee.

SEEVERS, CH. J.—I. The amount in controversy being
less than one hundred dollars certain questions have been

certified as to which it is said to be desirable to have the opinion of the Supreme Court. The original petition was entitled "Washington Township by W. B. Wells, township clerk, Kennedy, Lore, and Kingdon, township trustees," as plaintiff, and stating the cause of action upon which judgment was afterwards rendered. A demurrer to the petition was sustained on the ground plaintiff had no legal capacity to sue. Whereupon an amendment to the petition was filed by the plaintiff in which he claimed the right to recover on the cause of action stated in the original petition. This amendment the defendants moved to strike out of the record, but the motion was overruled and the defendants answered. We are asked "whether the plaintiff having commenced the suit in the name of Washington Township could amend the petition making the clerk plaintiff." In the *Township of*

1. TOWNSHIP: *West Bend v. Munch et al.*, 52 Iowa, 132, it
cannot sue. was held a township did not have the legal capacity to sue. This being so it is claimed there was no plaintiff named in the original petition and, therefore, none could be substituted; that an amended petition could not be filed because there was nothing to amend. But we think when there is an appearance to the action and the defendant tests the right of the named plaintiff to maintain the action by a demurrer and the latter is sustained the name of the proper

parties plaintiff may be substituted in the action,
2. PRACTICE: substitution of by an amended petition, subject of course to an
party plaintiff. apportionment of the costs and the right of the defendants to a continuance if taken by suprise. If this is not the rule the action must abate and another be brought. This, under the statute, should not be the rule unless substantial justice so demands. The statute in terms provides the court in furtherance of justice may permit a party to amend any pleading "by adding or striking out the name of a party * * * or by inserting other allegations material to the case, or, when the amendment does not charge substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved." Code, § 2689. The de-

fendants could make their defense in this action as well as in a new one and they could not have been prejudicially affected by the amendment. The right to make it we think existed. The question must be answered in the affirmative.

II. We are asked whether the plaintiff can maintain this action. The bond was in the ordinary form executed by all 3. TOWNSHIP county officers. On such a bond suit may be clerk : right to sue on road maintained by any party intended to be secured supervisor's bond. thereby. Code, §§ 2552, 3368. If the plaintiff in his official capacity was entitled to the possession of the money sued for, then he is a person intended to be secured by the bond. The money sought to be recovered is what is designated the general township fund as defined in Code, §§ 969, 970. The township clerk is entitled to the possession of such fund. Code, § 981. The plaintiff, therefore, is entitled to maintain this action. *Long, Township Clerk, v. Emsley et al.*, 57 Iowa, 11. The question under consideration must be answered in the affirmative.

III. The referee found the defendant Stomback collected and expended for necessary bridge material in his district all 4. ROAD super- the general township fund collected by him, ex- visor: misap- cept a few cents, and that there was due him propriation of township fund more money than was in his hands. We are by: liability on bond. asked whether, under the circumstances, the plaintiff can recover. The township trustees determine the amount of property tax which shall be levied. Code, § 969. It is their duty to set apart such portion of said tax as they may deem necessary as a general township fund, which is to be expended for certain specified purposes. Code, § 970. They did set apart one half of said tax as such fund. This it was the duty of Stomback to collect and pay over to the township clerk. Code, § 981. Such being the duty of Stomback, any other disposition of the money was a misappropriation for which he is liable on his official bond. The question under consideration must be answered in the affirmative. The remaining question is not argued by counsel.

AFFIRMED.