[Filed May 10, 1887.]

CROOK COUNTY, RESPONDENT, v. BUSHNELL ET AL., APPELLANTS.

COMPLAINT UPON AN OFFICIAL UNDERTAKING. — Under section 338 of the Code, before an action can be commenced upon an official bond or undertaking by any other person than the obligee named in the bond, leave of the court or judge thereof, where the action is triable, to commence the action, must be obtained, and a motion for a judgment of nonsuit should be allowed in the absence of such leave.

SAME — FACTS SUFFICIENTLY STATED. — Where the complaint shows that the defendant received money as treasurer, and failed to deliver the same to his successor in office, it is not necessary to allege that the money belonged to the county whose officer he was.

APPEAL from Crook County.    Reversed.

Statement of facts: Action upon an official undertaking of Bushnell as county treasurer, made to the *State of Oregon*. Complaint alleges that the sum of money came into his hands as treasurer, and has not been turned over to his successor in office.

The complaint did not allege that leave had been obtained to bring the action, nor that the money was the property of the county.

*Bennett & Wilson*, for Appellants.

The county could not bring this action without having first obtained leave of the court. (Civ. Code, § 339.)

At common law, an action on an official bond could only be brought in the name of the obligee named therein. (*Inhabitants of North* v. *Elwell*, 4 Gray, 81; *Carmichael* v. *Moore*, 88 N. C. 39.)

*W. R. Ellis, J. N. Duncan, S. A. Johns*, and *W. S. A. Johns*, for Respondent.

As the county's right of action against defendant Bushnell does not rest on the undertaking, the motion for nonsuit was properly overruled. (*State* v. *Multnomah County*, 13 Or. 287; Code, p. 766, § 80.)

Appellants waived the question involved in their motions for nonsuit, as they did not stand on them, but are before the court upon the questions raised by demurrer. (Bigelow on Estoppel, p. 601; *Bates* v. *Ball*, 72 Ill. 108.)

LORD, C. J.—This is an action brought by Crook County, as plaintiff, against Bushnell, ex-county treasurer, and his bondsmen, as defendants, to recover the sum of ———, upon his official undertaking as such treasurer. The complaint alleges that the defendant Bushnell was duly elected treasurer of Crook County; that he executed a bond in the usual form to the State of Oregon; that the other defendants became sureties thereon; and that the sums of money for which the action is brought came into his hands as such treasurer, and have not been turned over to his successor in office. The complaint does not allege that the plaintiff had obtained leave of the court to bring the action, nor that the money sought to be recovered was the property of the county. The defendants demurred to the complaint and moved for a nonsuit, both of which were overruled, and the defendants refused to plead further, whereupon the court rendered judgment as prayed for in the complaint; and from this judgment the appeal is brought to this court.

Two questions are raised for our consideration and determination: 1st. Could the plaintiff (Crook County) bring this action under the statute without first having obtained leave of the court? and 2d. Was the complaint insufficient in not showing that the money sought to be recovered was the property of the county?

*Leave to bring action must be had.* It is provided by the Code that: "When a public officer, by official misconduct or neglect of duty, shall forfeit his official undertaking or other security, or render his sureties thereon liable upon such undertaking or other security, any person injured by such misconduct or neglect, who

is by law entitled to the benefit of the security, may maintain an action at law thereon in his own name against the officer and his sureties, to recover the amount to which he may by reason thereof be entitled." (Code, § 338.) But it is further provided that: "Before an action can be commenced by a plaintiff other than the State, or the municipal or public corporation named in the undertaking or other security, leave shall be obtained of the court or judge thereof, where the action is triable. Such leave shall be granted upon the production of a certified copy of the undertaking or other security, and an affidavit of the plaintiff or some person on his behalf showing the delinquency. But if the matters set forth in the affidavit be such that if true the party applying would clearly not be entitled to recover in the action, the leave shall not be granted. If it does not appear from the complaint that the leave herein provided for has been granted, the defendant, on motion, shall be entitled to a judgment of nonsuit; if it does, the defendant may controvert the allegation, and if the issue be found in his favor, judgment shall be given accordingly." (§ 339.) At common law, an action could only be brought on a bond in the name of the obligee. As the State is the obligee in the bond in this action, there could not be, therefore, for the want of privity of contract between the parties, any action sustained upon the bond by the county or other party beneficially interested. The provisions of the sections cited are designed to modify this rule of the common law, and to enable others than the State or body politic named as obligee to maintain an action in their own name. In our State as in other States, official bonds prescribed by statute, executed by persons holding places of public trust, and made payable to the State or other body politic, are intended not only to secure public interests, but to redress private wrongs. This is manifest from the provisions of section 338, *supra*, which evidently contemplates these two classes, one where the bond is taken to secure the rights of the State or public interests, and the other, to protect the rights of individuals. But section 339 prescribes the conditions on which a party other than the State or body politic named in the bond as obligee may maintain an action in his own name. In

effect, it provides that before an action can be commenced by a plaintiff other than the State, or the body politic named in the security or bond as obligee, leave must be obtained of the court, or the judge thereof, where the action is triable, and the proof to be submitted before such leave shall be granted, and the judgment of nonsuit to which the defendant is entitled, when it does not appear from the complaint that such leave has been granted. The State is the only obligee named in the bond. The bond is made payable to it, and no action can be maintained upon it by another party beneficially interested, except leave be granted as provided, and this be alleged in the complaint. Whoever, therefore, other than the State, when a breach of the bond is committed by its principal obligor, undertakes to maintain an action in his or its own name, without such leave granted and alleged, may be nonsuited on motion of the defendant. Crook County, although a body politic, is a plaintiff in this action, not named as an obligee in the bond. It is a plaintiff, then, other than the obligee named, the State of Oregon, and must, before an action can be commenced or maintained, as a plaintiff in its own name on the bond, obtain such leave, and allege the same in its complaint. Not having done so, the motion for a judgment of nonsuit should have been allowed. As to the second point, we think the facts alleged are sufficient to sustain the action.

The judgment must be reversed and the cause remanded for further proceedings.