Argued December 4, 1895; decided January 27, 1896.

## HUME *v.* KELLY.

[43 Pac. 380.]

1. PARTIES TO ACTIONS ON OFFICIAL BONDS — CODE, § 341.— A county is a proper party plaintiff in an action under an official bond of a tax collector, to recover for default in paying over taxes levied and collected for state, county, and school purposes, under Hill's Code, § 341, providing that any person injured by the misconduct of the principal in such bond, may maintain an action thereon in his own name, although the bond runs to the state: *Crook County* v. *Bushnell*, 15 Or. 169, cited and approved.

2. AMENDING PLEADINGS BY CHANGING NAMES OF PARTIES — CODE, § 101.— An amendment of the complaint in an action by a district attorney upon an official bond, by adding the county, which is the real party in interest, as plaintiff, is authorized by Hill's Code, § 101, providing that the court may at any time before trial allow a pleading to be amended by changing the name of a party, for such an amendment does not change the cause of action: *Foste* v. *Standard Insurance Company*, 26 Or. 449, cited and approved.

3. AMENDMENTS— OFFICIAL BONDS— CODE, § 342.— Under Hill's Code, § 342, before an action can be commenced on an official undertaking by another than the state or corporation in the name of which the undertaking runs, leave must be obtained from the court where the action is triable: *Crook County* v. *Bushnell*, 15 Or. 169, cited and approved.

4. AMENDMENT OF PLEADINGS.— Permission to amend a complaint is properly denied where the amendment if allowed would leave the complaint subject to objections that it was intended to obviate.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This action was instituted in the name of Wilson T. Hume, district attorney, to recover upon the official bond of the defendant Penumbra Kelly, given as sheriff and tax collector of Multnomah County, Oregon, with the defendants George B. Markle and E. B. McFarland as sureties. The bond was given to the State of Oregon, in the penal sum of four hundred thousand dollars, conditioned that "if the said Penumbra Kelly shall well and truly and faithfully perform and execute his duties as such tax collector, according to law, and according to the requirements of any law to be hereafter enacted, and pay over to the county treasurer of said county all moneys collected by him as such tax collector for the said year eighteen hundred and ninety-two," then the obligation to become void, otherwise to be and remain in full force and effect. The defendant McFarland moved the court to require the plaintiff to make the complaint more definite and certain, and the defendants Kelly and Markle severally demurred thereto, each assigning substantially the same grounds, namely, *first*, that plaintiff has not legal capacity to sue; *second*, that the complaint does not state facts sufficient to constitute a cause of action; and, *third*, that the plaintiff is not the real party in interest. The motion was overruled, and the demurrers

sustained. Subsequently, the plaintiff moved the court for leave to amend the complaint by adding the State of Oregon and County of Multnomah as parties plaintiff in said action, and the defendant Markle moved for a judgment of dismissal. These motions came on to heard at the same time, but by consent of the parties the plaintiff's motion was amended by striking therefrom the State of Oregon as a proposed party, and upon this state of the record the court disallowed the former and sustained the latter motion, and thereupon rendered judgment against plaintiff, dismissing the complaint with costs, from which judgment plaintiff appeals.                                   AFFIRMED.

For appellant there was an oral argument by *Mr. John H. Hall,* and a brief by *Messrs. Hume* and *Hall,* and *Dolph, Mallory and Simon,* to this effect.

The court erred in refusing permission to amend the complaint by substituting the name of the real party in interest. It is not denied that the bond set out in the complaint, and the allegations showing liability of Kelly and the other defendants, state a good cause of action. The pleading is drawn upon the theory that the district attorney, as trustee of the county, was the proper party plaintiff, and that the county is the *cestui que trust.* It is apparent from the pleading that Multnomah County is the real party in interest, and this the demurrer of Markle alleges. The allegations of the complaint show that the money collected by Kelly was tax money, and belonged to the county, and that the failure to pay it over according to his duty, under the law, was the county's loss, and that Hume, though demanding judgment in the name of his office, and in the capacity of plaintiff, is in re·

ality demanding the county's money for the county, and as its agent and trustee. There is no dispute that Kelly and the other defendants—his bondsmen—actually owe the money to the county. The question is, had the court authority, under these circumstances, to allow the amendment? This demurrer might be fatal at common law, where forms seemed sometimes a more potential factor in the administration of justice than substance. But our statute has changed this condition and has made substance and not form the chief consideration. Sections 41 and 101 of Hill's Code afford ample authority for allowing this amendment. This statute was enacted to relieve suitors from the effect of the harsh rules of the common law, by enabling courts "in furtherance of justice" to allow amendments to pleadings to that end; and such statutes have always been broadly and not narrowly construed. The following cases show the extent and variety of application of the rule for which we contend: *Harrington* v. *Slade,* 22 Barb. 162; *Stringer* v. *Davis,* 30 Cal. 318; *Henderson* v. *Morris,* 5 Or. 24; *Hexter* v. *Schneider,* 14 Or. 187; *Miller* v. *Gerry,* 30 Iowa, 301; *Adner* v. *Desmukes,* 22 Mo. 101; *Langdon* v. *Shelby,* 75 Mo. 482; *Harris* v. *Plant,* 31 Ala. 639; *Liggett* v. *Ladd,* 23 Or. 26.

It is not claimed that the real character of this proceeding would be changed in the slightest degree if Multnomah County were made plaintiff. Any defense which could be made against the bond with Hume as plaintiff, under the allegations of this complaint, could be made if Multnomah County were plaintiff. In the complaint, as it stands, Multnomah County, is in effect the plaintiff. Hume claims nothing for himself. All that he demands is for Multnomah County. He has used his own name and the name of his office to demand for Multnomah County that which the county,

according to technical rules, should have demanded itself. Leave to correct this mistake, by making the record show 'that the county demands its own money in its own name is all that is sought. It would be difficult to invent a case where the objection to this motion could be based upon grounds more absolutely technical, or where substantial justice could more directly demand that the motion should be allowed. The cases above cited, based upon statutes substantially similar to our own, settle the question of power, and since the motion in this case was denied by the court below upon the ground that it lacked the power to allow it, and not in the exercise of a discretion, we think there was error which this court ought to and will correct.

For respondents there were oral arguments by *Messrs. Zera Snow* and *John W. Whalley,* and a brief by *Messrs. Snow and McCamant,* and *Whalley, Strahan and Pipes,* to this effect.

The bond in question running to the state, the state alone could bring an action at law upon it, and this action as we claim can only be brought by the attorney-general under the conditions prescribed in the act defining his duties: Session Laws of Oregon, 1891, p. 188. The bond itself is executed in attempted compliance with section 2794, Hill's Code, and being solely for the benefit of the County of Multnomah should have run to the latter: Hill's Code, § 2392.

The court did not err in refusing plaintiff the leave to amend asked for, or in rendering judgment of dismissal. Amendments will not be allowed where the effect is to change the cause of action, whether this change results from a new or distinct cause of

action arising from the allegations in the proposed amendment, or whether it arises by the substitution of one plaintiff for another: *Van De Haar* v. *Van Domseler,* 56 Iowa, 671; *Humphrey* v. *Hughes,* 79 Ky. 487; *Kavanaugh* v. *O'Neil,* 53 Wis. 101; *Stevenson* v. *Mudgett,* 10 N. H. 338 (34 Am. Dec. 158); *Lumpkin* v. *Collier,* 69 Mo. 170; *Carr* v. *Collins,* 27 Ind. 306.

Amendments permitted under section 41 of the Code whereby new parties are added, are allowed only in order to fully determine the cause as between the parties originally brought in. If the plaintiff's right can be determined as between him and the original defendant without the addition of other parties, then amendments cannot be made making additional parties plaintiff or defendant: Pomeroy's Remedies, §§ 418–420; *McMahon* v. *Allen,* 12 How. Pr. 39–45; *Treer* v. *Bryan,* 12 Ind. 343; *Carr* v. *Collins,* 27 Ind. 306.

It is important in considering the question of amendment here to notice who is asking to amend. It is the district attorney alone who on July twenty-third, eighteen hundred and ninety-four, was directed to institute proceedings on the bond in question, by the County Court of Multnomah County. The action is commenced by Mr. Hume in pursuance of such order in his own name: Abstract, page 9. The allegation in the complaint is that the four hundred thousand dollars, the penalty of the bond, is due the State of Oregon. If due the state it cannot be due Multnomah County or Mr. Hume. If due the state, then neither the county nor Hume are parties, for the defendants owe them no duty, no money; in other words, the averment being that it is due to the state excludes any hypothesis that it can be due to others either jointly or severally. The amendment asked for was not to change the averment as to the party to

whom the money was due, but merely to bring in the state and the county. Would the county or Hume have had any interests in the controversy, when made parties, the money being due the state? Is it an abuse of legal discretion to refuse a proposed amendment, which, if allowed, would render the complaint demurrable for defect or misjoinder of parties? Again, did not the court properly exercise its discretion in refusing to grant an amendment at the request of a party who, the court had held, could not sue; who had no interests; and especially when in the very motion to make new parties by amendment, it appeared that the party who had no interest and not the party who had, was seeking the amendment? Could the court properly exercise a discretion to compel the state of Oregon to come in as a plaintiff in a case in which the state itself did not ask for it? To make the state and Multnomah County sue whether or not the authorities desired to do so? To ask, is, it seems to us, to answer the questions, and to show that the court not only did not err, but that it would have erred had it done otherwise than as it did.

Opinion by MR. JUSTICE WOLVERTON.

1. The corporations and persons entitled to sue and recover upon official undertakings of the nature of the one set out herein are appropriately and sufficiently designated by statute. Section 340, Hill's Code, provides that "The official undertaking or other security of a public officer to the state, or to any county, city, or other municipal or public corporation of like character therein, shall be deemed a security to the state, or to such county, city, town, or other municipal or public corporation as the case may be, and also,

to all persons severally for the official delinquencies, against which it is intended to provide." Section 341 provides that "When a public officer, by official misconduct or neglect, shall forfeit his official undertaking or other security, or render his sureties therein liable upon such undertaking or other security, any person injured by such misconduct or neglect, or who is by law entitled to the benefit of the security, may maintain an action at law thereon in his own name, against the officer and his sureties, to recover the amount to which he may by reason thereof be entitled." These sections were intended to give a right of action upon the undertaking directly to the real party in interest, whether it be the state, a municipal, or public corporation, or to a private individual. This construction is borne out by reading in connection therewith sections 343 and 344; and, indeed, such is the judicial interpretation thereof. See *Habersham* v. *Sears,* 11 Or. 436 (5 Pac. 208); *Howe* v. *Taylor,* 6 Or. 284; *Crook County* v. *Bushnell,* 15 Or. 169 (13 Pac. 886). Taxes levied for state and county purposes, when collected, belong to the county in which they are levied. The same may also be said of taxes levied for school purposes, until apportioned to the several school districts. The county becomes a debtor to the state to the extent of the state's levy apportioned to such county: *Commissioners of Multnomah County* v. *State,* 1 Or. 359; *State* v. *Baker County,* 24 Or. 141 (33 Pac. 530). The purpose of the action upon the undertaking being to recover for taxes levied for state, county, and school purposes, and collected by the defendant Kelly as tax collector of Multnomah County, that county would be a proper party plaintiff therein although the bond runs in the name of the State of Oregon. Of this there can be no doubt.

2. It is claimed that the court below committed error in disallowing plaintiff's motion for leave to amend the complaint by adding Multnomah County as a party plaintiff, and section 101, Hill's Code, is invoked in support of the contention. It provides that "The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party or other allegation material to the cause, and in like manner and for like reasons it may, at any time before the cause is submitted, allow such pleading or proceeding to be amended by striking out the name of any party, or by correcting a mistake in the name of a party," etc. It has been settled by this court that under the section quoted from it is within the discretion of the trial court, at any stage of the case before the cause is submitted, to authorize such amendments as may be necessary to make the cause as intended by the original pleading, but not to insert a new and distinct cause of action or defense: *Foste* v. *Standard Insurance Company,* 26 Or. 449 (38 Pac. 617). So that it is not permissible to allow an amendment which would substantially change the cause of action. We understand from the briefs of counsel, and are led to assume, that the court below disallowed the amendment, not in the exercise of its discretion, but solely upon the ground that it believed it had no power to grant the plaintiff leave to so amend. We will therefore consider the question here as one of power in the court, and not as an abuse of its discretion in the premises. If the proposed amendment would substantially change the cause of action, it may be conceded that the court was without power to allow it; and the converse of the proposition may also be conceded. It seems the plaintiff insti-

tuted the action in the exercise of his prerogative functions as the law officer of the state and of the several counties constituting his district, to recover in behalf of Multnomah County; not that he claimed an individual interest in the funds sought to be recovered, but for the reimbursement of the county for funds belonging to it collected by the defendant Kelly, and for which he failed to account. In reality it may be considered as an action brought by the law officer of the county to recover for its use and benefit. In this view of the matter it is not conceived that the cause of action would be in any way changed by allowing the amendment. A general test as to whether a new cause of action would be introduced by a proposed amendment is to inquire if a recovery had upon the original complaint would bar a recovery under the complaint if the amendment was allowed, or if. the same evidence would support both, or the same measure of damages is applicable, or both are subject to the same plea: 1 Ency. of Pl. and Pr. 556; *Liggett* v. *Ladd,* 23 Or. 26 (31 Pac. 81); *Lumpkin* v. *Collier,* 69 Mo. 170.

Many cases are to be found establishing the doctrine that the party for whose use the action is brought may be substituted for the nominal plaintiff, where the legal right of action is shown to be in the former. So, where a party sues in his own right, he may, if the facts warrant, amend his complaint so as to make the suit stand in a representative capacity; and conversely, if he sues in a representative capacity, he may be allowed to amend by declaring in his individual capacity; and in neither instance is it considered a substantial change of the cause of action: *Price* v. *Wiley,* 19 Texas, 142; *Martel* v. *Somers,* 26 Texas, 551; *Wilson* v. *First Presbyterian Church,* 56 Ga. 554; *Harris* v.

*Plant,* 31 Ala. 639; *Montague* v. *King,* 37 Miss. 441; *Wood* v. *Circuit Judge,* 84 Mich. 521 (47 N. W. 1103); *Morford* v. *Dieffenbacker,* 54 Mich. 593 (20 N. W. 600); *Lewis* v. *Austin,* 144 Mass. 383 (11 N. E. 538); *Buckland* v. *Green,* 133 Mass. 421; *Wells* v. *Stomback,* 59 Iowa, 376 (13 N. W. 339). In the last case cited the original petition was entitled "Washington Township, by W. B. Wells, Township Clerk, Kenedy, Lore, and Kingston, Township Trustees," as plaintiff. A demurrer to this petition was sustained upon the ground that plaintiff had no legal capacity to sue. An amended petition was then filed, entitled "W. B. Wells, Clerk of Washington Township, as Plaintiff," and this, under a statute similar to ours, was allowed to stand. In deciding the case, SEEVERS, J., says: "We are asked 'whether the plaintiff, having commenced the suit in the name of Washington Township, could amend the petition making the clerk plaintiff.' In *Township of West Bend* v. *Munch,* 52 Iowa, 132, (2 N. W. 1047,) it was held a township did not have the legal capacity to sue. This being so, it is claimed there was no plaintiff named in the original petition, and, therefore, none could be substituted; that an amended petition could not be filed because there was nothing to amend. But we think, when there is an appearance to the action, and the defendant tests the right of the named plaintiff to maintain the action by a demurrer, and the latter is sustained, the name of the proper parties plaintiff may be substituted in the action by an amended petition, subject of course to an apportionment of the costs, and the right of the defendants to a continuance if taken by surprise. If this is not the rule, the action must abate, and another be brought. This, under the statute, should not be the rule unless substantial justice so demands. The statute in terms provides that the court, in

furtherance of justice, may permit a party to amend any pleading 'by adding or striking out the name of a party * * * or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved': Code, § 2689. The defendants could make their defense in this action as well as in a new one, and they could not have been prejudicially affected by the amendment." So it is here, the defendants could make their defense, if the amendment was allowed, as well as now, in so far as it is apparent their defense would not be changed. The complaint, with the proposed amendment, discloses the same issuable facts as the one on file, the same evidence would support both, and the same measure of recovery is applicable. We think that under these authorities the court had the power to grant the amendment.

3. But it would appear, notwithstanding, that the motion was rightly and appropriately disallowed. As we are advised, one of the grounds for sustaining the demurrer to the original complaint was that the action was brought by the plaintiff without having obtained leave of the court or judge thereof where the action is triable as required by section 342, Hill's Code. At least, the complaint does not show that such leave had been obtained. The proposed amendment, if allowed, would leave the complaint subject to the same objection, as the county could not sue upon the undertaking without having obtained leave for that purpose, which fact must be alleged: *Crook County* v. *Bushnell,* 15 Or. 169 (13 Pac. 886).

23 OR.—29.

4. Where the amendment, if allowed, would leave the complaint subject to objections that it was intended to obviate, it is proper to reject it. While courts are always liberal in allowing amendments in furtherance of justice, and that the real object of the dispute may be reached and finally determined, they will not do a vain thing. For these reasons the judgment of the court below will be affirmed.

AFFIRMED.