## STATE OF NEBRASKA v. HAYDEN.

(Circuit Court, D. Nebraska. August 10, 1898.)

1. PARTIES—SUBSTITUTION OF PLAINTIFFS—REAL PARTY IN INTEREST.

In an action commenced by a state treasurer to recover money deposited in a bank under a statute authorizing such deposits, the state, which is the real party in interest, may properly be substituted as plaintiff by amendment, as such substitution makes no change in the cause of action.

2. PLEADING—AMENDMENT OF PETITION—CHANGE IN CAUSE OF ACTION.

Where the original petition in an action against a bank to recover deposits alleged that plaintiff, as state treasurer, deposited certain certificates of deposit issued to his predecessor by defendant bank, and received credit in his account therefor, an amendment alleging that he received payment of the certificates and deposited the proceeds makes no change in the cause of action stated.

Motion by defendant to strike the amended petition from the files.

C. J. Smyth, Atty. Gen., and Ed. P. Smith, Dep. Atty. Gen., for the State of Nebraska.

Cobb & Harvey and G. M. Lambertson, for defendant.

MUNGER, District Judge. This action was originally commenced by Joseph S. Bartley, as treasurer of the state of Nebraska, against the defendant, as receiver of the Capital National Bank, to recover the sum of $236,361.83, with interest thereon. The petition, among other things, alleged the election and qualification of the plaintiff as state treasurer of the state of Nebraska, and of John E. Hill, the predecessor of plaintiff in office, as such state treasurer; that said Hill during his term of office deposited with the Capital National Bank divers sums of money belonging to the state of Nebraska, and took certificates of deposit therefor; that on the expiration of his term of office said Hill turned over to plaintiff, as his successor, said certificates of deposit as part of the funds belonging to said state; said certificates were accepted by plaintiff, and by him, on or about the 16th day of January, 1893, deposited in the Capital National Bank, and the amount thereof was credited by said bank to the account of plaintiff as state treasurer; that on or about the 14th day of January, 1893, the said Capital National Bank executed a bond unto the state of Nebraska in the penal sum of $700,000, with sureties, in pursuance of the provisions of an act of the legislature of the state of Nebraska approved April 8, 1891, entitled "An act to provide for the depositing of state and county funds in banks"; that on or about said 14th day of January, 1893, said bond and the sureties thereon were duly approved by the governor, the secretary of state, and the attorney general; that on or about the 20th day of January, 1893, said bank suspended business, and the defendant was appointed receiver thereof by the comptroller of the currency; that there was, at the time of the suspension of said bank, to the credit of plaintiff, as such treasurer, the sum of $236,361.83, a portion of the deposit so as aforesaid made; that plaintiff presented to the defendant, as receiver, a duly-verified claim for said funds, which was disallowed. Subsequently plaintiff filed an amended petition, stating substantially the same facts as in the original petition, except that said amended petition did not show that said bank gave the bond or otherwise qualified as a state depository under the provisions of said legislative enactment. A demurrer was filed to said amended petition on the ground that the court did not have jurisdiction of the action, and that the petition did not state a cause of action. The demurrer was heard by Judge Shiras, and overruled. 74 Fed. 913. After the expiration of the term of office of plaintiff, Joseph S. Bartley, the action was revived in the name of John B. Meserve, the then state treasurer. Thereupon said Meserve filed an amended petition, stating substantially the same facts as in the original petition, except as to the deposit in said bank of said certificates

by said Bartley. In the amended petition filed by said Meserve, it is stated that on or about the 16th day of January, 1893, the said Bartley, as state treasurer, presented said certificates of deposit to the bank for payment, that the same were paid, and that the money received in payment of said certificates was deposited by Bartley in the bank to his account as state treasurer. To this petition defendant demurred, stating as grounds thereof that the court had no jurisdiction; that the plaintiff had not legal capacity to sue; that said petition does not state facts sufficient to constitute a cause of action. The demurrer was sustained for the reason that plaintiff did not have legal capacity to sue; that the action should have been brought in the name of the state of Nebraska as plaintiff; and, on motion, the state was substituted as plaintiff. Thereupon the state of Nebraska filed its amended petition, stating the facts substantially as they were alleged in the petition filed by Meserve as treasurer. The defendant now moves the court to strike the amended petition of the state from the files, for the following reasons: (1) There is an improper substitution of parties plaintiff by attempting to substitute the state of Nebraska as plaintiff in the place of J. B. Meserve, state treasurer. (2) There is an attempt in said amended petition to substitute the cause of action of the plaintiff from one depending upon a statute created for the purpose of recovering public money deposited without authority of law, and substitute a cause of action depending upon a statute created for the purpose of permitting the recovery of money deposited under contract. (3) The said amended petition attempts to change the cause of action from an action which is ex delicto to an action which is ex contractu. (4) The said amended petition is an attempt to shift the action by amendment from a cause of action which is barred by the statute of limitations to a cause of action which is not barred by the statute of limitations. (5) Because said amended petition is a complete departure from the original action, and, in effect, the commencement of a new suit, with different parties and different cause of action, brought under different rights of action.

At the hearing on the demurrer to the petition of Treasurer Meserve it was argued on the part of defendant that the action should have been brought in the name of the state, rather than that of the treasurer; that the provisions of the legislative enactment of 1879 (Comp. St. 1897, p. 116, § 655) authorizing suits to recover public funds in the name of the treasurer were enacted by reason of the holding of the court in State v. Keim, 8 Neb. 63; that the unauthorized deposit of public funds by the treasurer did not create the relation of debtor and creditor between the bank and the state; that since the depository act of 1891 (Comp. St. 1897, p. 1056, §§ 5088–5090) the deposit of public funds under the provisions of that act creates the relation of debtor and creditor between the bank and the state, and relieves the treasurer from liability for a loss of the funds, so that the provision of the Code requiring every action to be prosecuted in the name of the real party in interest governs; that the action could only be brought in the name of the

treasurer when the deposit was made in violation of the provisions of the depository statute and not in a designated depository. This view of the law was accepted by the court, and the demurrer sustained, but leave was given to amend by substituting the state of Nebraska as plaintiff in the place of the treasurer. The motion to strike the petition of the state challenges the correctness of this ruling of the court. If the substitution of the state as plaintiff instead of the treasurer was a change of the cause of action, then such substitution should not have been permitted as an amendment.

Wood v. Circuit Judge, 84 Mich. 521, 47 N. W. 1103, was a case where a husband died intestate, leaving a benefit certificate payable to his wife; but she had died the previous day, bequeathing her property to him. Afterwards her administrator with the will annexed sued on the certificate. Whereupon the husband's heirs applied for an order substituting them as parties plaintiff, which was refused by the trial court. The supreme court held that, as the suit of the administrator was for the benefit of the husband's heirs, the substitution would not introduce a new cause of action, and that the order should have been granted. The court, in the opinion, say:

"Clearly, in this case, the money due upon this insurance certificate is payable to the heirs of Frank L. Silver, and it would be a denial of justice not to permit this amendment. * * * If the real parties remain the same, and the change is of the nominal parties only, the amendment is permissible. * * * The amendment is in the furtherance of justice, and the insurance company cannot be surprised by it; neither will they be deprived of any substantial or essential rights in the premises."

Lake Erie & W. R. Co. v. Town of Boswell (Ind. Sup.) 36 N. E. 1103, was a suit brought by the trustees of the town of Boswell to enjoin the appellants from interfering with the free use of a public street in the town. On demurrer to complaint the court permitted an amendment by substituting the town of Boswell as plaintiff instead of the trustees of the town. The court said:

"Whatever informality there may have been in the action of the court, we think the proper result was arrived at. The same end would finally have been attained if the suit were dismissed, and a new suit brought in the name of the proper party. But we are of the opinion, as stated in Burk v. Andis, 98 Ind. 59, that a plaintiff in such a case ought not to be compelled to dismiss his suit, and bring a new one, when a simple amendment to the complaint would save both delay and additional costs."

Wells v. Stombock, 59 Iowa, 376, 13 N. W. 339, was an action brought in the name of Washington township on a supervisor's bond. A demurrer to the petition was sustained on the ground that plaintiff had no legal capacity to sue; whereupon an amended petition was filed, making the clerk of the township plaintiff. This amendment was sustained. Seevers, C. J., rendering the opinion of the court, said:

"We are asked whether the plaintiff, having commenced the suit in the name of the township, could amend the petition, making the clerk plaintiff. In Township of West Bend v. Munch, 52 Iowa, 132, 2 N. W. 1047, it was held a township did not have the legal capacity to sue. This being so,

89 F.—4

it is claimed there was no plaintiff named in the original petition, and, therefore, none could be substituted; that an' amended petition could not be filed, because there was nothing to amend. But we think, when there is an appearance to the action, and the defendant tests the right of the named plaintiff to maintain the action by a demurrer, and the latter is sustained, the name of the proper parties plaintiff may be substituted in the action by an amended petition, subject, of course, to an equitable apportionment of the costs, and the right of the defendants to a continuance if taken by surprise. If this is not the rule, the action must abate, and another be brought. This, under the statute, should not be the rule unless substantial justice so demands. The statute, in terms, provides the court, in furtherance of justice, may permit a party to amend any pleading 'by adding or striking out the name of a party, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved.' The defendants could make their defense in this action as well as in a new one, and they could not have been prejudicially affected by the amendment, and the right to make it we think existed."

To the same effect are Wilson v. Welch, 157 Mass. 77, 31 N. E. 712; Buckland v. Green, 133 Mass. 421; McCall v. Lee, 120 Ill. 261, 11 N. E. 522.

In 1 Enc. Pl. & Prac. p. 538, it is stated that the name of one for whose use the action is brought may be substituted for that of the nominal plaintiff, where the legal right of action is shown to be in the former, citing many cases.

Section 144 of the Nebraska Code (Comp. St. 1897, p. 1187), relating to amendments of pleadings, is in nearly the identical language of the Iowa statute above quoted by the court, and in this case the cause of action as stated in the amended petition filed in the name of the state is identical with the cause of action stated in the petition by Treasurer Meserve. The action, as brought originally in the name of the treasurer, was to recover judgment for and on behalf of the state. The proofs in both cases would necessarily be the same. No other or different defense to the merits could be made in the one case which was not equally available in the other. I do not think the decisions of the supreme court of this state are in conflict with the rule stated in the foregoing cases.

Bank v. Ketcham, 46 Neb. 568, 65 N. W. 201, and Flanders v. Lyon, 51 Neb. 102, 70 N. W. 524, were both cases in replevin, in which it was held that, after the property had been taken under the writ from the defendant, and delivered to the plaintiff, neither the affidavit in replevin nor petition could be amended, against the objection of defendant, by substituting a stranger as plaintiff. These cases contained nothing in conflict with the doctrine before stated. It may well be said that when a party obtains possession of property under a writ of replevin he cannot be permitted to escape a judgment for a return of the property, or its value in money, by having a stranger substituted in his stead,—one, perhaps, irresponsible.

In Relief Dept. v. Moore (Neb.) 73 N. W. 15, an action brought by the plaintiff as administratrix, an amendment permitting a recovery in her own individual right was sustained.

In my judgment, the amendment complained of was properly made. The second, third, and fourth grounds of the motion are

based on the erroneous supposition that by the original petition it was sought to recover for the deposits of the public funds made by Treasurer Hill during his term of office, before the depository law went into effect, while the amended petition, now under consideration, is a claim for deposits made by Treasurer Bartley under the provisions of the depository law. The two petitions do not state the cause of action in identical language, yet they are substantially alike in the statement of the cause of action. Both are based on the deposits made by Bartley after the depository law had gone into effect, and after the bank had become a designated state depository. It is true that in the original petition the allegation is that Bartley deposited in the bank the certificates of deposit received from Hill, and that the bank gave him credit therefor to his account as treasurer, while in the amended petition, now under consideration, the allegation is that Bartley presented the certificates to the bank for payment, received payment thereof, and deposited the proceeds in the bank. The legal effect was the same. It is only a different method of stating the same cause of action. Allibone v. Ames (S. D.) 68 N. W. 165; Post, J., in State v. Hill, 47 Neb. 537, 66 N. W. 541; State v. McFetridge, 84 Wis. 473, 54 N. W. 1, 998. The motion is overruled.