REA et al. v. BARKER.

(Circuit Court, D. Oregon. December 12, 1904.)

No. 2,820.

1. CONTRACTS—PARTIES—AGREEMENT FOR BENEFIT OF THIRD PERSON.
    Both under the general authorities, and under the decisions of the Supreme Court of Oregon, a principal, for whose benefit a written contract was made by an agent, and who paid the consideration therefor—both the agency and the source of the consideration being known to the other party—may maintain an action directly for the enforcement of the contract, although not named· therein.

At Law. On demurrer to complaint.

Huntington & Wilson, for plaintiffs.
Carey & Mays, for defendant.

BELLINGER, J. This is an action upon a contract in writing executed by one Ketchum, as the agent of plaintiffs, and the defendant. The plaintiffs' name does not appear in the contract. The agency of Ketchum was known at the time to the defendant. The consideration for defendant's promise was a payment of $1,500, and this money was the money of the plaintiffs, which fact defendant also knew. In such a case the contract is that of the plaintiffs, and the plaintiffs' right thereunder is not derived from the agent. The weight of authority in this country is that a third party has a

right of action upon a promise made for his benefit, though he is a stranger both to the promise and to the consideration, and the case is all the stronger in favor of the right when the consideration for the promise is derived from the party for whose benefit the contract is made.  In such a case there is, of necessity, an obligation on the part of the promisor to the third party.  Note to Baxter v. Camp, 71 Am. St. Rep. 169.

It is held, in effect, by the Supreme Court of this state, that where there is an intent by a promisee to secure a benefit to a third party, and there is some privity between the two—some property or fund in the hands of the former upon which the latter has an equitable claim—the law implies a promise which will support an action by the third party.  Such is the effect of the decisions in Baker & Smith v. Eglin, 11 Or. 333, 8 Pac. 280; Washburn v. Investment Co., 26 Or. 441, 36 Pac. 533, 38 Pac. 620; and Brower Lumber Co. v. Miller, 28 Or. 565, 43 Pac. 659, 52 Am. St. Rep. 807.  In this case the defendant has received the money of the plaintiffs as a consideration of the promise made to the agent for plaintiffs' benefit, and he received this money with knowledge of the source from which it was derived, and of the plaintiffs' interest in the obligation which the payment and the agreement imposed.  If the general rule were otherwise, this court would feel obliged in such a case to follow the rule adopted by the courts of the state.

The demurrer is overruled.