G. N. PRICE *v.* R. K. PRICE *et al.*

(No. 8427)

Submitted November 11, 1936. Decided December 1, 1936.

*W. E. R. Byrne, Henry S. Cato* and *O. B. Bobbitt,* for appellants.

*Steptoe & Johnson, Stanley C. Morris* and *Robt. H. C. Kay,* for appellee.

HATCHER, PRESIDENT:

This suit involves primarily the right of a surety on an official bond which is insufficient to satisfy all demands against it, to enjoin several actions at law upon the bond and to have all matters connected therewith settled in a court of equity. The circuit court upheld that right.

The treasurer of the City of Dunbar failed to pay over to the parties entitled thereto the collections made by him on certain paving assessments. Shortly after his default, to-wit, during November and December, 1933, two owners of assessment certificates which he had collected brought separate actions in Kanawha County against him and his three sureties, and another such owner brought an action in Roane County against one of the sureties, G. N. Price, alone. This suit was instituted by Price in February, 1934. He included as defendants his principal on the bond, his two co-sureties thereon, the three plaintiffs in the law actions, and other claimants against the treasurer. One of the latter, by answer in the nature of a cross bill, regularly matured, also prayed that all law actions on the bond be enjoined, and the demands against the bond be adjudicated in this suit. The three defendants who had instituted the law actions appealed.

Price contends that he is not liable at all for the treasurer's default on these collections; that if so, the claimants' only remedy is in equity; and that even if they might proceed at law, he is entitled to convene them

in equity to avoid the expense and annoyance of multiple actions and to secure more adequate relief. Appellants respond that Price's alleged immunity from their claims may be raised in the law actions and consequently is no ground for equity jurisdiction; that Code 6-2-17 gives them the specific and exclusive right to proceed at law; and that if their law actions are not exclusive, nevertheless the statute affords Price adequate protection, and that their priority, through diligence, should be preserved.

The statute relied upon by appellants (6-2-17) follows: "Upon any bond payable to the State of West Virginia, whether heretofore or hereafter taken, suits may be prosecuted from time to time in the name of the state for the benefit of the state, or of any county, district, corporation or person injured by a breach of the condition of any such bond, until damages are recovered in the aggregate equal to the penalty thereof."

The treasurer's bond is not payable to the state as the statute contemplates, but to the City of Dunbar. It is only by right of the statute that these claimants may proceed at all against the bond. The common law did not permit any person to sue upon an official bond except the named obligee, and he could sue only for himself and not for the use of another. This was because the common law recognized no privity between any save the obligor and the obligee. *Crook Co.* v. *Bushnell,* 15 Ore. 169, 171, 13 P. 886; *Commonwealth* v. *Hatch,* 5 Mass. 191; *Pickering* v. *Fisk,* 6 Vt. 102, 105; *Com. ex rel. Kennet* v. *Fugate,* 1 T. B. Monroe, (Ky.) 1, 2, 3; *Jones* v. *Wiley,* 4 Hump., (Tenn.) 146, 147; *Washington* v. *Young,* 10 Wheat. 406, 409, 6 L. Ed. 352; *Board of Com'rs.* v. *Young,* 3 Wyo. 684, 686, 29 P. 1002; *Van De Casteele* v. *Cornwall,* 5 Cal. 419, 426; *Carmichael* v. *Moore,* 88 N. C. 29, 30; 46 C. J. subject Officers, sec. 426; 15 Ency. Pl. and Pr. subject Official Bonds, pp. 105-6. The charter of Dunbar provides, however, that bonds payable to it "shall be subject to the same proceedings * * * for the purpose of enforcing the conditions of the terms thereof by motion or otherwise before any

court of record held in and for the county of Kanawha, that collectors of county levies and their sureties are or shall be subject to on their bonds for enforcing the payment of the county levies." The bonds of county collectors are payable to the state and are within the statute. Hence, in proceedings in Kanawha County, the charter provision brings the city bonds within the statute.

Price says that under *State ex rel. Sand & Gravel Co.* v. *Royal Ind. Co.*, 99 W. Va. 277, 128 S. E. 439, the word "suits" as used in the statute should be taken to refer only to suits in chancery. An entirely different statute was under consideration in that case; so it is not persuasive here. We do not seem to have construed the instant statute. Under our present practice, the word "suit" is ordinarily applied to a chancery cause. The word has been in our statute and its predecessors since 1755. See Acts Virginia Assembly; 1755 May term, ch. 7, sec. 12. If our present application prevailed in Virginia either in 1755 or a century later, it was ignored in *Sangster* v. *Commonwealth*, 17 Gratt. 124, 136, which upheld a law action under the Virginia statute. The word "suit" is generic and is said to be very comprehensive. It is popularly defined to embrace a proceeding of any kind in a court of justice "whether commenced by writ, bill or petition, or by information or indictment." *In re Grape St.*, 103 Pa. 121, 124. Accord: 1 C. J. subject Actions, sec. 42; 1 Am. Jur. subject Actions, sec. 6. Having in mind the ruling of the Virginia court and the comprehensive definition of the word, we have no hesitancy in construing the statute to comprehend both actions at law and causes in chancery.

In a scramble of creditors for preference in a common fund, equity imputes no particular merit to diligence, alone. *In rel. Lord & Polk Chemical Co.*, 7 Del. Ch. 248, 44 A. 775, 778; *Ill. Surety Co.* v. *Mattone*, 122 N. Y. S. 928, 929, 138 App. Div. 173; *Am. Surety Co.* v. *Lawrenceville*, 96 F. 25. That *equality is equity*, is an established principle of equity. In conformity wherewith, unless inhibited by statute, courts of chancery treat as equal all non-lien claimants of a common fund.

*Lippitt* v. *Thames,* 88 Conn. 185, 90 A. 369. Where all the claimants of a fund have a common interest therein, an adequate remedy is one which affords uniform recoveries to all. If the claims do not exceed the fund, then priority has no significance, and each claimant has a plain and adequate remedy at law. If the claims do exceed the fund, each claimant is entitled equitably only to his *pro rata* share therein, and the law provides no means for such an adjustment; equity alone is prepared to make it. *Dimmick* v. *Register,* 92 Ala. 458, 9 So. 79, 80. It is even said that no rule of equity appeals more to the conscience of a chancellor than that requiring an insufficient fund to be apportioned ratably among all its claimants. *Livingstain* v. *Columbian Banking & Trust Co.,* 77 S. C. 305, 57 S. E. 182, 22 L. R. A. (N. S.) 442, 122 Am. St. R. 568, 572. So it may be taken as settled that equity will assume jurisdiction when necessary to prevent unequal distribution of a limited fund. "The primary equity of the bill is the adjustment of claims and the equitable apportionment of a fund provided by law which is insufficient to pay claimants in full. * * * The basic principle of the bill is sound. Equality is equity." *Nat. Surety Co.* v. *Graves,* 211 Ala. 533, 101 So. 190. Accord: *Guffanti* v. *Surety Co.,* 196 N. Y. 452, 90 N. E. 174; Pomeroy's Eq. Juris. (4th Ed.), sec. 407. Under this view, a discussion of the question of multiplicity of actions is unnecessary.

The ruling is affirmed.

*Affirmed.*