Lipscomb, J.
The plaintiff contends that his petition sets up a good cause •of action. The main objection to the petition taken by the defendant is that •it does not contain the necessary averments to give any right of action to the plaintiff, in this : that it does not aver that the defendant had notice of his appointment as overseer of the road; nor does it aver that he had accepted the appointment; nor that the bridge was out of order for twenty days previous to the time the plaintiff suffered the damage complained of in his petition ; all of which averments were necessary to have been made to have given a right of action, and would have to be proved to entitle him to a recovery. He refers to the acts of the Legislature of 1848, p. 99, secs. 4 and 5. These sections are as follows :
“Sec. 4. That it shall be the duty of the clerk of the county court to make out, within ten days after the adjournment of the court, the names of the overseers and all the hands liable to work under them, and accompanying said list a copy of the boundaries of the precincts as laid off by the court, and deliver it to the sheriff of his county; and the sheriff shall, within twenty days .after the reception of the same, deliver to or leave at the residence of the overseer a copy of the same,” &c.
“ Sec. 5. That if any overseer shall fail or refuse to serve after receiving the notice of his appointment, he shall for such refusal be fined twenty dollars, to he recovered,” &e.
“ Seo. 11. That if any overseer of the road shall fail or neglect to keep the .road, bridge, or causeways within his precinct clear and in good order, or suffer them to remain uncleared or out of repair for twenty days at any one time, unless hindered by high water or other sufficient cause to be adjudged by the court having jurisdiction of the same, such overseer shall forfeit and pay for every such offense the sum of twenty-five dollars, to be recovered in the manner prescribed in the fourth section of this act.”
It may here be noticed that for any default the penalty shall be recovered -by motion of the district attorney in the District Court of the county where ■the default happened.
If the penalty under any of these sections had been sought to be enforced, the district attorney would have had to have stated as the foundation of his motion that the notice as required by law had been served on the overseer of his appointment. He would have been required also to state that the road, bridge, or causeway had been out of order for more than twenty days, and to prove both the notice and the time that it was out of order to have authorized a judgment for the penalty. If the penalty sought to be recovered had been for refusal to accept after notice of his appointment, it would have only been necessary to prove the notice, and also to prove that he refused to accept the appointment; because the penalty under this section only accrued on such refusal.
Had the statute authorized these penalties to have been recovered in a qui ¿am action, these averments would have been essential to the lotting in the proof of the default; and certainly the reason for requiring them is not less when the suit is brought on common-law principles, to recover individual *296 damage sustained in consequence of such default. We believe, then, that these-averments were essential, and the omission of them sufficient to sustain the defendants demurrer; because without them he could not have been permitted! to introduce any evidence of the default whatever.
We might stop here and affirm the judgment. But there is another and higher ground that could be taken in support of the demurrer. It struck me when the petition was read in this case that at common law no right of action would accrue to an individual for such default; that an overseer of a highway, from which he derives no more advantage than such as is common to the whole-community, whose appointment is thrown on him not from choice, and whose duties are imposed by the statute authorizing his appointment, was only liabte in the mode pointed out by the statute for any default of duty imposed by such statute. His position bears no analogy to that of a ferry, bridge, or road kept by a corporation or an individual for certain compensation paid by passengers or travelers to such corporation or individual. In the latter case the compensation paid for the use of such ferry, bridge, or road would raise an obligation to keep them in good order; and if their failure to do so resulted to the damage of any person, a right of action would accrue to the person so damaged at common law.
In the case of Mower v. The Town of Leicester (9 Mass. R., 247) the question, was brought before the Supreme Court of Massachusetts, and the court, after taking time to deliberate, held that no action at common law would lie. The case in principle was like the one before us. It was this: The plaintiff, who-was the proprietor of a stage running on a public road through the town, brought an action to recover the value of a horse in his team that had been killed in consequence of getting one of his feet hung or fastened in a hole in a stone bridge within the limits of the town. By a statute of tiie State the town ‘was required to keep the road and bridge in good order under certain penalties for a neglect of duty in doing so. The town was required to. do in that case what the overseer is required by law to do here; and it was hold that no action at common law could be sustained for such neglect.
The case cited by the counsel for the plaintiff in error, of Allard et al. v. Loban, (2 La. R., N. S., 217,) is altogether unlike this. It was a case where-the plaiutiff sought to recover damages against the defendant for obstructing a. right of way. He was not an overseer of the way, but was proprietor of the land adjoining. And the question was whether the nuisance could give to those injured by it a right of action, or should it be abated in the manner directed by statute. It was held that those injured by the obstruction had a common-law right of action, and, although bearing no analogy to this case, there is no doubt that it was decided correctly. It was not for the omission of" an officer to perform a statutory duty for which a penalty was imposed, but the act was unlawful in itself. And no one would doubt that in this State, if any individual were to make an obstruction in a highway, such as stopping it up or digging a pit in it, and damage was sustained by such unlawful obstruction, a right of action would accrue to the person injured. The demurrer was therefore well taken, and there is no error in sustaining it.
Judgment affirmed.