## EDGERLY v. THE FARMERS' INSURANCE COMPANY.

1. **Insurance:** PROOF OF LOSS: CONDITION PRECEDENT. When a policy of insurance stipulates that in the event of the destruction of the property insured, the owners shall furnish the company with a notice of the loss, and a sworn statement of it, including an appraisement of its value, and other particulars set out in the policy, a compliance with these requirements is a condition precedent to the right of the assured to recover for the loss.

2. ———: ———: PLEADING. If the petition fails to contain an averment of performance of this condition, proof of the loss is not admissible upon the trial.

3. **Practice:** PLEADING: MOTION IN ARREST OF JUDGMENT. Where the petition is defective in substance, and the defendant answers instead of demurring thereto, he may interpose a motion in arrest of judgment after trial.

*Appeal from Linn Circuit Court.*

FRIDAY, JUNE 16.

THE petition is as follows: Plaintiff claims of the defendant, * * * and states that on the 20th day of September, 1872, the defendant, * * * in consideration of the sum of $123 cash premium paid by defendant, issued and delivered to plaintiff a policy of insurance, No. 26951, on one frame barn, $3,000; live stock, $700; and farming implements, $300, for five years from said date; by which the defendant understood and agreed to insure plaintiff against all loss which defendant might sustain by reason of fire or lightning to the property insured as aforesaid; and did thereby insure him against the loss of said property; that afterwards, on the 8th day of June, 1874, the frame barn insured as aforesaid was struck by lightning, and thereby destroyed, and at the same time and place five head of horses;

being also insured as aforesaid, were struck and injured by lightning; also, at the same time and place, the farming implements, to-wit: two reapers and two mowers, one wagon and one separator, were destroyed by lightning; said property being of the aggregate value of $6,000, and all insured as aforesaid, and was wholly lost by the plaintiff; that afterward, on the 22d day of June, 1874, the plaintiff had his said loss appraised by three disinterested persons, and the personal examination of the same by a justice of the peace of said county; all of which plaintiff gave notice to defendants of at the time aforesaid, and did immediately after said loss notify defendants of the same, and requested payment therefor, which defendant refused to make, and still refuses so to do. Judgment is therefore asked for $6,000, with interest and costs of suit. A copy of the policy is attached to petition.

The answer denies the allegations of the petition and then proceeds: Defendants say that plaintiff has never furnished defendants with any proof of loss as required by the terms and conditions of said policy, and that no action accrues to said plaintiff on said policy until after such proof of loss has been made and furnished to defendants as stipulated in said policy.

There was a trial by jury. Verdict and judgment for the plaintiff; defendant appeals.

*I. M. Preston & Son*, for appellants.

*J. B. Young* and *Thompson & Davis*, for appellee.

SEEVERS, CH. J. — I. The policy provides that "the loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be payable ninety days after, and notice and proofs thereof made by the assured, and received at the company's office," and in case of loss "the assured shall forthwith give notice of any loss to the secretary of the company, and within thirty days deliver at the office of the company in Cedar Rapids, Iowa, either personally or by agent, mail or express, a particular account of such loss, signed and sworn to by them, stating whether any other insurance has been made on the said property, what

was the cash value, at the time of the loss, of the subject insured, the interest of the assured therein, * * * giving copies of the written portions of all policies thereon, and when and how the fire originated, and shall introduce a certificate of a magistrate, notary public, or clerk of a court of record," etc.; the provisions being such as are usually contained in policies. The plaintiff offered to produce in evidence a paper which may be designated as the notice or preliminary proofs, or both, contemplated by the policy; to which defendant objected on the grounds that no such paper was contemplated by the policy, and that it was immaterial and inadmissible for any purpose under the pleadings; but the objection was overruled and said paper admitted in evidence, and the plaintiff duly excepted. The plaintiff being on the stand as a witness, he was asked to state whether the property insured had been lost; if so, when and how. To this the defendant objected on the ground that it is not alleged in the pleadings that plaintiff has ever furnished proof of loss as required by the policy; but the objection was overruled and defendant excepted. Whereupon the plaintiff gave testimony material to his right to recover.

The defendant asked the court to instruct the jury that the plaintiff could not recover because the petition contained no averment that proof of the loss had been furnished to the defendant; but the court refused to so instruct, and on the contrary instructed the jury: "The furnishing the proofs of loss is a condition precedent to be performed by the plaintiff before he is entitled to recover from the defendants in this action, unless you believe that the same has been waived by the defendants." To the giving of said instruction, and the refusal to give that asked, the defendant duly excepted. At the proper time the defendant filed a motion in arrest of judgment on the ground that it is not averred in the petition plaintiff furnished proofs of loss as required by the policy, or that such proofs were waived by the defendant; which motion was overruled, as was also a motion for a new trial, and defendant duly excepted thereto.

The policy contemplates a notice of the loss to be given the

insurer, and also afterward a particular account or proofs thereof, and what the latter shall contain or set forth is contained in or set out in the policy. We see no reason, however, why the same paper may not contain both the notice and particular account. Therefore the paper introduced in evidence against defendant's objection may be designated as intended both for the notice and such particular account. It in fact was neither, but an appraisement of the property destroyed, accompanied by a certificate of a notary public. It may be sufficient as a notice, but is wholly deficient as proof or particular account of the loss. Counsel do not claim that it in any respect complies with the requirements of the policy as a particular account or proof of loss. There is no averment in the petition that plaintiff has complied with or performed all the conditions of the policy, or that the particular account or preliminary proofs required by the policy had been furnished to the defendant. Such preliminary proofs are conditions precedent to plaintiff's right to recover. *Blakely v. Phœnix Ins. Co.*, 20 Wis., 217; *Inman v. Western Ins. Co.*, 12 Wend., 452; *Owen v. Farmers Joint S. Co.*, 47 Barb., 518; *Willcome v. Peoples Ins. Co.*, 2 Gray, 480. Where the policy provides the loss shall not be payable until the certificate of a magistrate as to certain facts is produced, the production of such certificate is a condition precedent to plaintiffs right to sue. *Johnson v. Phœnix Ins. Co.*, 112 Mass., 49. An averment, therefore, of the performance is necessary, and the proof must sustain the averment. Flanders on Insurance, 514; *St. Louis Ins. Co. v. Kyle*, 11 Mo., 185.

It is, however, insisted, that the testimony was ample and sufficient to show a waiver by the defendant of any other or more particular account of the loss than that furnished, and that the jury have so found. We are not called upon to determine whether, if there had been an averment in the petition of performance, evidence of a waiver could have been introduced or not. We have, however, held in actions against an indorser of a promissory note, when the petition averred demand and protest, that evidence of a

*[margin notes: 1. INSURANCE: proofs of loss; condition precedent. 2. ———: ———; pleading.]*

waiver could not be introduced. *Lambert v. Palmer*, 29 Iowa, 104; *Woolsey v. Williams*, 24 Iowa, 413. In the latter case it is said by BECK, J.: "No principle of law is better understood than the one which the proceedings in this case violate, namely: the evidence must correspond with the allegations of the pleading, and the rights of the parties must be determined upon the facts in issue." Now it being a condition precedent to plaintiff's right to recover, he should have averred a performance and the evidence should have corresponded therewith. But there was no such averment, nor any such issue. The defendant objected to the introduction of any evidence showing a loss because of the want of such averment in the petition. In overruling the objection the court erred.

It necessarily follows that if no evidence could be introduced until performance of the conditions precedent was averred, that proof of a waiver of such conditions was not admissible. Counsel for the plaintiff have cited many authorities showing that the preliminary proofs may be waived. Admitting such to be the case, still such fact in no manner affects the point in issue here. It is also insisted that want of notice should be specially pleaded; in support of which *Wightman v. Western Marine Ins. Co.*, 8 Robinson, 442, and *Dayton Ins. Co. v. Kelly*, 24 O. St., 357, are cited. The former we have not seen, and the latter by no means supports the position claimed by counsel.

II. Under the authorities cited it cannot be doubted that the petition was demurrable Instead of taking advantage 3. PRACTICE: in that way, the question was raised by answer, pleading: motion in arrest. and defendant at the proper time moved the court to arrest the judgment. That such course was proper is held in *Nollen v. Wisner*, 11 Iowa, 190. If such was the proper course then, much more is it now, as the Code expressly recognizes the right to move in arrest of judgment. Code, Sec. 2650. The petition was defective in substance, and not as a matter of form only; hence the judgment should have been arrested unless the plaintiff could have prevented such result under Code, secs. 2842 and 2843. These sections, it will be observed, contemplate that a judgment may be arrested by

reason of the non-averment of a material fact. The answer of the defendant averring that no preliminary proofs had been furnished did not obviate the necessity of the averment of performance in the petition. Having failed to demur, the defendant was compelled to take advantage of the defect in the answer to avoid a waiver. Code, sec. 2650.

The plaintiff could have amended his petition, or replied confessing the allegation, and avoided it by alleging a waiver. Code, sec. 2666. This would have constituted an issue.

We do not deem it necessary to allude to the other errors assigned, as they will not be likely to occur on a re-trial. For the reasons stated the judgment below must be

REVERSED.