## THE WROUGHT IRON BRIDGE COMPANY v. GREENE.

1. **Practice**: PLEADING: INSTRUCTION. Where there is a failure to aver in the petition a material condition precedent to the liability of the defendant, but such defect is not assailed by demurrer or other pleading, it is not competent for the court to direct a verdict for the defendant on the ground that such condition has not been established. SEEVERS, J., *not concurring.*

2. ———: CONTRACT: EVIDENCE. Where the evidence failed to show a compliance by the plaintiff with the contract upon which it sought to hold the defendant liable, it was held that evidence of the ratification of the contract by the defendant, or of his being estopped to deny the same, was immaterial.

*Appeal from Linn District Court.*

TUESDAY, APRIL 27.

ACTION at law upon a subscription or contract to contribute to the payment for a bridge to be erected at Cedar Rapids. There was a verdict and judgment for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*I. M. Preston & Son,* for appellant.

*Blake & Hormel* and *Hubbard & Clark,* for appellee.

BECK, J.—I. As questions arise upon the pleadings it becomes necessary to set them out with particularity. The petition contains the following allegations:

"2. That defendant, together with a large number of citizens of Cedar Rapids, for the purpose of aiding in the construction of a bridge across the Cedar river in said city, entered into a written contract, by which he subscribed and contracted to pay the sum of $4,000 for said purpose, a copy of which subscription is attached as exhibit "A."

"3. That the committee named in said subscription never acted in the construction of said bridge, except to pass over said subscription to a bridge committee, appointed by the

subscribers and citizens of said city, to take charge of the building of said bridge. Said committee consisting of William Greene, A. B. Hull, N. B. Brown, J. J. Snouffer and S. C. Bever.

"4. That said last named committee, on January 4, 1875, made a written contract with C. P. Jones to build said bridge as provided by said subscription, and as consideration therefor assigned said subscription, amounting to $22,500, including defendant's subscription, and also $6,000 in bonds of said city to said Jones, a copy of which contract, with a list of subscribers, and the amount of each, is attached as exhibit "B."

"5. That on January 22, 1875, said Jones entered into a written contract with plaintiff by which plaintiff agreed to furnish the iron for said bridge, amounting to $9,800, and as collateral security for the payment of said sum, the said Jones assigned to plaintiff the $6,000 bonds of Cedar Rapids and defendant's subscription of $4,000, a copy of which contract is attached as exhibit "C."

"6. That plaintiff furnished the iron as per contract, that the same is unpaid for, that the said subscription of defendant is now plaintiff's property due and unpaid.

"7. That said Jones built and completed said bridge to the acceptance of the engineers mentioned in said contract, and the approval of said city of Cedar Rapids, which acceptance and approval was about April 1, 1875; that the citizens of Cedar Rapids and traveling public have used and occupied said bridge from thence hitherto; whereby plaintiff says an action has accrued to it to recover of said defendant his said subscription, and asking judgment for the sum of $4,000, with interest as above claimed."

The contract or "subscription" refered to as exhibit "A" is as follows:

"For the benefits of an additional bridge over the Cedar river, at Cedar Rapids, we, the undersigned, do hereby respectively promise and agree to pay the sum set opposite our several names, to Jno. Weare, treasurer of the committee

hereinafter named, to be expended under the supervision and direction of said committee in the erection and completion of a free iron bridge across the Cedar river at Cedar Rapids, Iowa, from the east bank of said river opposite the foot of Benton street to the west bank of said river; said bridge to be at least equal in material, workmanship and accommodation to the iron bridge across the river at Park Avenue. Said sums subscribed are to be paid in installments as follows, to-wit:

"Twenty per cent when said bridge is completed and accepted by the committee consisting of Wm. Ure, N. B. Brown, Wm. Greene, Jno. F. Ely and John Weare, and twenty per cent in four months after the completion of said bridge, twenty per cent in eight months after the completion of said bridge, twenty per cent in twelve months after the completion of said bridge, and twenty per cent in sixteen months after the completion of said bridge; all payments to draw interest at the rate of ten per cent per annum, after maturity, until paid. Subscriptions hereto are not to be valid unless they with other contributions amount to at least twenty-five thousand dollars, to aid in the construction of said bridge.

"Cedar Rapids, July, 1873.

"Wm. Greene, one thousand ($1,000), George Greene, four thousand ($4,000), together with fifty-nine additional subscribers, making the total subscription $22,500; city bonds $6,000; total $28,500."

The contract referred to in the 4th paragraph of the petition as exhibit "B" contains a condition that the bridge shall be of "equal strength, capacity and durability, in every respect, to the specifications made September 14, 1874, for a King bridge for the place and hereto attached, also the substructure for said bridge to consist of two abutments and four piers of masonry, as per plans and specifications attached, of the same class of work as the Park Avenue Bridge." It is also provided that the builder is to receive in payment a "subscription made for the purpose of building the bridge," which

is the "subscription" sued upon in this case. The "subscription," under the conditions of the contract now in hand, is "to be paid upon the completion and acceptance of the bridge by an engineer appointed by the city council in connection with the engineer in charge of said work."

Exhibit "C," referred to in the petition, is a contract between plaintiff and Jones for furnishing the iron. It provides that defendant's "subscription," and another, with certain bonds of the city, are to be assigned to plaintiffs as collateral security.

The defendant answered the petition denying generally its allegations. At the trial plaintiff amended the 5th paragraph of its petition by adding these words thereto: "that all of which 'actions and doings on the part of said committee named as contracting for and in behalf of said citizens subscribing funds for the building of said bridge, including defendant herein. The said defendant, after said contract for the building of said bridge was let, fully and in all respects ratified the same, as well as the assignment and passing over said subscription made by him to the parties plaintiff herein, as contractors furnishing the iron therefor."

Upon the submission of his cause to the jury, the court instructed them that there was no legal evidence introduced at the trial showing liability of defendant to plaintiff, and directed that a verdict be rendered for defendant. These rulings of the court, and the exclusion of evidence offered by plaintiff, are the grounds of the errors assigned.

II. The evidence not only fails to show that the bridge in question when built was of the character specified in defendant's "subscription," but establishes that it in fact did not equal the Park Avenue bridge. But plaintiff insists that no issue is presented in the petition involving compliance by the builder with the terms and conditions of defendant's "subscription." This is true, as will be readily seen by reference to the pleadings. Let us consider for a moment the effect of the pleadings upon the question of the correctness of the court's instruction to the jury.

The law will not hold defendant liable upon his contract, unless its conditions are performed. He binds himself to pay for a bridge equal to the Park Avenue bridge. If an inferior bridge is built, plaintiff is not entitled to recover on the contract. The petition, it will be observed, does not allege compliance with this condition of the contract. It fails to set out a cause of action. Of course no issue was raised as to the condition in question by defendant's answer. Evidence directed to such an issue was, therefore, not admissible. The petition could have been assailed by demurrer, or a motion in arrest of judgment would have been proper. Code, § 2650. Upon such a motion, however, the defects of the petition could have been cured by amendment. If there was, in that case, no evidence to support the amendment of the petition, or there was evidence defeating plaintiff's right of recovery, the judgment would have been arrested, and a new trial granted. Code, §§ 2842, 2843. See *Edgerly v. Farmers' Insurance Co.*, 43 Iowa, 587. The practice thus provided for reaches the result of a new trial. If a verdict is rendered upon an issue not found in the pleadings, upon an insufficient statement of the cause of action or defense, against the party thus pleading, he is deprived of a new trial which is secured him under the sections of the Code above cited. We think, therefore, that the instructions of the court directing a verdict for defendant cannot be upheld upon the ground that the evidence shows non-compliance with the terms of the subscription.

III. But, in our opinion, it may be sustained upon another ground.

The petition alleges that the bridge was to conform to certain specifications, and be accepted by certain engineers, one to be appointed by the committee having charge of the work, and the other by the city council. There is no evidence, whatever that it did comply with these specifications, and that the city engineer accepted it. On the contrary, it is shown that the city engineer and a committee

2. ——: evidence: contract.

of the city council pronounced it inferior to the Park Avenue bridge. Upon these points there is no conflict in the evidence. Plaintiff was not entitled to recover unless compliance with the contract relied upon in his petition was established, and as there was no evidence, whatever, tending in that direction, the court correctly directed the jury to return a verdict for defendant.

IV. The plaintiff insists that the allegations of the fifth paragraph of the petition as amended are admitted, as defendant did not answer the amendment after it was made. Without deciding that the original answer did not operate as a denial of the amendment, let the proposition of plaintiff that the allegation of the amendment is admitted, for the purposes of this case, be conceded. Yet plaintiff is not entitled to recover for the reason that the contract which it is claimed he ratified has not, as we have above pointed out, been performed so that it will support plaintiff's action.

V. The court excluded evidence which plaintiff claims tended to establish the ratification pleaded by the amendment to the petition. This was error without prejudice, for in the absence of proof tending to show compliance with the conditions of the contract ratified plaintiff was not entitled to recover, and if the ratification had been clearly established the court's direction to the jury would nevertheless have been correct.

VI. Plaintiff further insists that the court erred in excluding evidence which counsel claim tended to show that defendant, either through an agent or by himself, so acted that he is estopped to deny the contract between the committee and Jones. Let this be admitted, for the purposes of the case. But the fact confronts us that plaintiff utterly failed to show that the contract which defendant ratified has been performed; the estoppel insisted upon does not aid plaintiff.

VII. So far we have considered the case upon the contract for the building of the bridge, and have discovered that

plaintiff, upon the pleadings and evidence, cannot recover thereon.

The evidence offered to establish a ratification of that contract by defendant, and the contract itself were excluded after the evidence was all in on the ground that it was not shown defendant had notice of all the material facts. Let it be admitted that these rulings are erroneous, yet they are without prejudice, for, as we have seen, plaintiff was not entitled to recover for the reason of the failure to show performance of the contract for the building of the bridge. Other objections to the rulings of the court in excluding other evidence are answered by the same consideration.

We have disposed of all questions necessary to be considered in the case.

The judgment of the District Court must be

AFFIRMED.

SEEVERS, J.—I concur in the result reached in the foregoing opinion, but not in the reasoning on which it is based.

The subscription or contract signed by the defendant was conditioned that " Said bridge to be at least equal in material, workmanship and accommodation to the iron bridge across the river at Park Avenue." The petition did not aver that the bridge erected by the plaintiff was equal to the Park Avenue bridge. Unless the defendant waived the aforesaid condition in the contract the plaintiff cannot recover. No demurrer was filed, nor did the defendant take advantage of the sufficiency of the petition in the answer as is contemplated in Code, § 2650, as was done in the Edgerly case, 43 Iowa, 587.

The line of defense adopted by the defendant seems to have been to strictly confine the plaintiff to the case made in the petition and to resist the introduction of any evidence tending to show a liability unless it tended to establish the case made in the petition. This he could well do. For instance the defendant could properly insist that no evidence

should be introduced tending to show that the bridge constructed by the plaintiff was equal to the Park Avenue bridge. The court, therefore, rightly excluded all evidence tending to show performance of the conditions of the subscription.

Instead of amending the plaintiff insisted on going to the jury, and the court properly instructed the jury that the plaintiff could not recover for the reason that no evidence had been introduced which tended to show a liability.

At this stage of the case the plaintiff might have moved in arrest of judgment because of the non-averment of a material fact (Code, §§ 2842–3), but this was not done.

. It is evident the plaintiff sought to recover: *first*, because the bridge had been accepted by the engineer as provided in the Jones contract. But the defendant was not bound under such contract unless he had waived the conditions of the subscription. If this was true the petition should have so averred. If this had been the case then evidence of such waiver would have been admissible. The second ground upon which a recovery is asked is that the defendant ratified the Jones contract. What is meant by counsel as to such ratification is uncertain. But the only evidence tending to show such ratification was after the bridge was completed. There are serious doubts whether such ratification was binding on the defendant, because there was no consideration for the promise claimed to have been made.

The defendant might have ratified the Jones contract, that is, recognized that the bridge had been constructed thereunder, and still failed to waive the conditions upon which he agreed to pay. In other words, the plaintiff must in order to recover aver and establish that the defendant waived the conditions of the subscription upon a sufficient consideration. I do not understand that the plaintiff offered to introduce any evidence so tending.