HAHN v. WICKHAM ET AL.

1. **Contract**: PERFORMANCE OF: LIABILITY OF SURETIES. The plaintiff contracted to build a portion of a bridge in accordance with certain specifications, and to deliver the same to the county free from mechanic's liens. He sublet the work to the defendant, to be done in accordance with the same specifications, taking a bond for the proper performance of the contract by the defendant: *Held*, that the sureties on such bond were not liable for the amount of unpaid bills for labor and material, contracted by the defendant.

*Appeal from Linn Circuit Court.*

FRIDAY, MARCH 25.

THE plaintiff contracted to build a pier and the abutments for a bridge for Linn county, and to discharge all mechanic's liens which might attach in the building thereof. This work the plaintiff sublet to the defendant Wickham, and a written contract was entered into between the plaintiff and Wickham whereby the latter agreed to do the work according to the plans and specifications attached to and made a part of the contract between the county and the plaintiff. For the due performance of the contract entered into by Wickham he gave a bond to the plaintiff, with the defendant Daniels as surety. This action is brought upon the bond. That part of the petition which sets up a breach of the bond is in these words: "That the defendant Wickham in the building of said pier and abutment contracted debts for mason work and the draw-

ing of material, etc., in excess of what plaintiff was to pay said defendant as shown in said contract, to the amount of $151.48; that an itemized amount of said orders paid by defendant's orders is annexed and made a part of the petition; that said claims were liens upon the bridge, and by reason thereof the plaintiff was compelled to countersign said orders." The answer was a general denial. There was a trial by jury, and verdict and judgment were rendered for the plaintiff. The defendant Daniels appeals.

*Geo. W. Wilson* and *J. B. Young*, for appellant.

*C. W. Kepler* and *J. C. Davis*, for appellee.

ADAMS, CH. J.—The plaintiff's claim is stated very obscurely, but we infer it to be, whether it is sufficiently stated or not, that he was compelled to pay more than the subcontract price in order to comply with his contract with the county to deliver the bridge to the county free of mechanic's liens. There is no pretense that Wickham did not do the work according to the plans and specifications, but that the work when done cost the plaintiff, in order to enable him to keep the bridge clear of liens, more than he agreed to pay.

1. CONTRACT: performance of: liability of sureties.

The defendant Daniels insists that such fact did not create a breach of the bond, and we have to say that it appears to us that the position is well taken. Wickham's contract is silent in regard to liens, and we do not understand that the bond signed by Daniels as Wickham's surety was designed for anything more than to secure the performance of Wickham's contract. Besides, it was held in *Loring & Co. v. Small*, 50 Iowa, 271, that mechanic's liens cannot attach upon a county bridge.

It appears to us, therefore, that the plaintiff has no cause of action, and that such fact appears upon the face of his petition. The defendant Daniels, however, did not demur, but after verdict he moved to set the same aside on the ground

that it was contrary to the law and the evidence. The plaintiff insists that if the allegations of the petition are proven no valid objection can be made to the verdict. The petition, however, was defective in substance, and in our opinion the verdict should have been set aside and the judgment thereby arrested. *Edgerly v. Farmers' Insurance Company*, 43 Iowa, 587; Code, § 2650.

REVERSED.