SADA B. SELLS, Appellant, v. JOHN DERMODY.

**Road Supervisors:** LIABILITY FOR NEGLIGENCE. The fact that a person elected a road supervisor is subject to a penalty for refusing to accept the office does not relieve such officer from individual liability for negligence in failing to perform ministerial duties in keeping the roads in repair.

WRITTEN NOTICE OF DEFECT IN HIGHWAY REQUIRED. A road supervisor, liable, under Code, section 1557, for all damages resulting from a defect in a highway which is allowed to remain after a reasonable time for replacing the same after the receipt of a written notice thereof, is not personally liable for failure to repair a defect in a highway where such notice thereof has not been given to him.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, MAY 29, 1901.

THE petition alleged that the defendant, as road supervisor, allowed a highway in his district to become and remain in a dangerous condition for travel; that he had oral as well as constructive notice thereof, but failed and neglected to repair the same and make it reasonably safe, though having at his disposal ample material and means for such purposes; that the particular negligence complained of consisted in permitting, in an approach to a bridge, a hole

6 inches wide and 30 inches long and 18 inches deep, next to a decayed plank, to remain for a long time after he might, by reasonable diligence, have repaired the same. And it is alleged that while riding in a buggy drawn by a team under the management of another, without fault on plaintiff's part, one horse stepped in the hole, and after some struggling the neck yoke broke and the team ran away, throwing the plaintiff to the ground, thereby fracturing her femur bone and otherwise injuring her, to her damage in the sum of $10,-000. The defendant demurred on two grounds: (1) The petition failed to allege that defendant had notice of the defect in the highway in writing; and (2) the neglect was an omission of a judicial, rather than of a ministerial, duty. The demurrer was sustained, and, as plaintiff elected to stand on the ruling, the petition was dismissed, and she appeals.—*Affirmed.*

*H. L. Robertson* and *Riley Clark* for appellant.

*J. L. Blanchard* and *Fremont Benjamin* for appellee.

Ladd, J.—Is a road supervisor, with ample means at his disposal, liable to an individual for damages resulting from his negligence in failing to keep the highways of his district in a reasonably safe condition for public travel? The assumption of the duties of this office cannot be said to be strictly voluntary, as the refusal to act involves the payment of a small penalty; but it may well be doubted whether any considerable number of the citizens of this state regard with serious objection the imposition of official duties, even of this character. If service because of the public necessity were exacted regardless of choice, this would furnish no excuse for failing to properly perform his duties. Otherwise, the official might qualify and then do nothing. So, too, the compensation is little above that of a manual laborer, but the obligation of an officer can never be measured by the amount of salary received. The interests of the state demand a

higher estimate of public duty. Section 1561 of the Code requires him to "keep the roads in as good condition as the funds at his disposal will permit," and his qualification for office consists in executing a bond "conditioned that he will faithfully and impartially perform all the duties required of him and devote all moneys that may come into his hands, by virtue of his office, according to law." Section 1545, Code. And, if he fail to "perform the duties required of him," he shall "forfeit and pay for the use of the road fund of his district the sum of ten dollars." Section 1568, Code. Upon the road supervisor alone is cast the burden of keeping in repair the public highways, with the exception of the larger bridges. No such duty is imposed on the county. *Soper v. Henry County,* 26 Iowa, 264; *Packard v. Voltz,* 94 Iowa, 277. And neither a township nor road district may be made party to a suit. *West Bend Tp. v. Munch,* 52 Iowa, 132; *White v. Road Dist. No. 1,* 9 Iowa, 202. Can it be that an individual who has sustained damages by reason of the negligence of the only officer required to act is entirely without a remedy? Such a thought ignores the ancient maxim of the law that where there is a wrong there is a remedy. Numerous authorities lay down the principle that he who undertakes, and is invested with the duties of a public officer, is liable to an individual who sustains special damages by a neglect properly to perform such duties. More than a century ago Chief Justice Holt, in *Lane v. Cotton,* Salk. 17, declared that, in every case where an officer is intrusted with a duty by the common law or by statute, an action lies against him for a neglect of that duty of his office; and in *Henly v. Mayor & Burgesses of Lyme,* 5 Bing. 91, Chief Justice Best said: "I take it to be perfectly clear that if a public officer abuses his office, either by an act of omission or commission, and the consequence of that is an injury to an individual, an action may be maintained against such public officer. The instances are so numerous it would be a waste of time to refer to them." See review

of English cases in *Robinson v. Chamberlain,* 34 N. Y. 398
(s. c. 90 Am. Dec. 713, and note); *Bank v. Clements,* 87
Iowa, 542. That such is the rule generally prevailing in
this country cannot now be questioned, though some courts
have followed the dicta of eminent judges contained in some
early cases to the effect that as certain officers owe their
duties to the public at large, and are subject to indictment,
they are not liable to individuals for damages occasioned by
their negligence. On this ground, and also that the office of
road supervisor is not voluntarily assumed, several courts
have declared that such officer is not liable for damages
resulting to an individual from either misfeasance or non-
feasance in office. *McConnell v. Dewey,* 5 Neb. 385; *Board
v. Strader,* 18 N. J. Law, 108 (35 Am. Dec. 530); *Dunlap
v. Knapp,* 14 Ohio St. 64 (82 Am. Dec. 468); *Thornton v.
Springer,* 5 Tex. 587 ;*McKenzie v. Chovin,* 1 McMul. (S. C.
222; *Nagle v. Wakey,* 161 Ill. 387 (43 N. E. Rep. 1079). In
the last case Judge Phillips filed a vigorous dissenting opin-
ion, and in that, and the views of the appellate court, adopted
by the majority, the grounds for the different conclusions are
fully reviewed. The general rule is thus stated in Shearman
& Redfield on Negligence (3d Ed) 156: "The liability of a
public officer to an individual for his negligent acts or omis-
sions in the discharge of an official duty depends altogether
upon the nature of the duty of which the neglect is alleged.
Where his duty is absolute, certain and imperative, involv-
ing merely the execution of a set task,—in other words, is
simply ministerial,—he is liable in damages to any one spe-
cially injured either by his omitting to perform the task, or by
performing it negligently or unskillfully. On the other hand,
where his powers are discretionary, to be exerted or withheld
according to his own judgment as to what is necessary and
proper, he is not liable to any private person for a neglect to
exercise those powers, nor for the consequences of a lawful
exercise of them, where no corruption or malice can be im-
puted, and he keeps within the scope of his authority." This

rule was particularly applied to the office of road supervisor in *McCord v. High,* 24 Iowa, 342, where it was held that his duties might be regarded as either ministerial or judicial, and it was said: "The defendant, as supervisor of roads, is required by law to keep the highways in repair. He determines when and where repairs are necessary, and what work shall be done in order to effect the repairs. The determination may be regarded as of judicial nature. He also is required to direct the work,—to make the repairs he has determined upon. This is simply a ministerial duty." In *Gould v. Schermer,* 101 Iowa, 583, the defendant, as road supervisor, was charged with negligence in the construction of a bridge, and right of recovery recognized. The liability of such an officer to an individual for damages caused by negligence in the performance of ministerial duties is sustained by many authorities. *Hover v. Barkhoof,* 44 N. Y. 113; *Robinson v. Rohr,* 73 Wis. 436 (40 N. W. Rep. 668, 2 L. R. A. 366); *Commissioners v. Martin,* 4 Mich. 557 (69 Am. Dec. 333); *Commissioners v. Duckett,* 20 Md. 468 (s. c. 83 Am. Dec. 557, and note); *Hathaway v. Hinton,* 46 N. C. 243. See 15 Am. & Eng. Enc. Law, 412.

What we have said disposes of the main question argued by counsel, but another is involved in the ruling on the demurrer, and that is whether the failure to repair was an omission of a ministerial duty. The means at the command of this officer are very limited, and he may call upon the able-bodied men of his district, between 21 and 45 years of age, for but two days' work each year, except in an emergency. Under these circumstances, it is a matter of judgment and discretion "when and where repairs are necessary, and what work shall be done in order to effect the repairs;" and that determination of a judicial, rather than ministerial, nature. *McCord v. High, supra.* This was manifestly the thought of the legislature in providing that, "when notified in writing that any bridge or portion of the public road is unsafe, the road supervisor

shall be liable for all damages resulting therefrom, after a reasonable time for repairing the same." Section 1557, Code. In view of this statute, the possession of ample means cannot be regarded as controlling, as seems to have been held in some of the cited cases. As defendant was not thus notified, he is not answerable in damages.—AFFIRMED.