The Austin Western Company Limited, Appellant, v. The Township of Weaver.

**Civil township:** ACTION AGAINST: JURISDICTION: WAIVER. A civil township is not a corporation and cannot be sued; and when this objection, which goes to the jurisdiction of the court, appears on the face of the petition it is not waived by failure to demurrer, but the question may still be raised in any other proper manner as by motion to direct a verdict.

**Same.** The fact that a contract is executed in the name of a township by its trustees does not obviate the objection that the court has no jurisdiction to entertain an action against a civil township.

**Pleading:** AMENDMENT. After a cause is ready for submission on its merits a party cannot, by way of amendment, institute a wholly new and independent action against new parties.

*Appeal from Humboldt District Court.*— Hon. A. D. Bailie, Judge.

Monday, December 16, 1907.

This is an action to recover the purchase price of a road grading machine, sold by plaintiff to defendant township. On a trial to a jury the defendant moved, at the close of all the evidence, that a verdict be directed in its favor, which motion was sustained, and, from a judgment on such verdict, the plaintiff appeals.— *Affirmed.*

*Prouty, Coyle & Prouty* and *I. B. Lipson,* for appellant.

*Kenyon & O'Connor,* for appellee.

McClain, J.— One of the grounds for sustaining defendant's motion for a directed verdict was that defendant is not a corporation nor a legal entity, and that no judgment could properly be rendered against it for that reason, and we think that this ground of the motion was well taken. It has been repeatedly held that a civil township is not a corporation and cannot be sued. *Township of West Bend v. Munch,* 52 Iowa, 132; *Wells v. Grubb,* 58 Iowa, 384; *Sells v. Dermody,* 114 Iowa, 344; *Hanson v. Cresco,* 132 Iowa, 533. This objection appears on the face of the plaintiff's petition, and might have been raised by demurrer, but a failure to demur was not a waiver of the objection, and the defendant notwithstanding its omission to interpose a demurrer on this ground was still at liberty to raise the question in any other proper manner. Code, section 3564; *Pardey v. Mechanicsville,* 101 Iowa, 266; *Pierson v. Independent School District,* 106 Iowa, 695; *Frum v. Keeney,* 109 Iowa, 393.

1. Civil township: action against: jurisdiction: waiver.

If the objection had been one which could be cured by amendment, then no doubt the court should have overruled the motion to direct a verdict on this ground, and allowed the defendant to interpose its objection by motion in arrest of judgment, when the new matter which might have been pleaded to obviate the ground of demurrer could have been put in issue by the defendant, and plaintiff's cause of action, if any it had, could have been established as against the objection raised. Code, sections 3758, 3760; *Enix v. Iowa Central R. Co.,* 114 Iowa, 508; *Wrought Iron Bridge Co. v. Greene,* 53 Iowa, 562. But here the ground of demurrer which should have been interposed was that the court had no jurisdiction, and this objection was one which could not

possibly be cured by any amendment. It is too elementary to require citation of authorities that want of jurisdiction is an objection which may be raised at any stage in the proceedings up to the final determination of an appeal. As no allegations of fact could have made out a cause of action against the township on which judgment might be rendered against it, the court was not required to go through the useless formality of submitting the case to the jury, and taking its verdict, and then directing a judgment for the defendant on a motion in arrest. It has been held that, where the allegations of the petition, although supported by proof, do not warrant a recovery, the court may properly direct a verdict for the defendant. *Brown v. Cunningham,* 82 Iowa, 512. But, as already indicated, we think it is not proper practice to raise a question as to the sufficiency of the allegations of a pleading by motion for a directed verdict, where the defect might have been cured by amendment if the objection had been taken by demurrer, or by additional allegations if raised by motion in arrest of judgment. In this case, however, we cannot see how any prejudice can possibly have arisen to the plaintiff by directing a verdict when the objection was made instead of postponing the ruling of the court until it was raised by a motion in arrest.

It is argued that, as the contract on which plaintiff sued was executed in the name of the defendant township by its trustees, defendant could be sued in the same name in which the promise was made by the trustees purporting to act for it. But the obstacle to the recovery of the judgment against the defendant is not that defendant is not sued in its proper name, but that it cannot be sued at all. As before said, the objection goes to the jurisdiction of the court to entertain the action, and not to plaintiff's right of action.

2. SAME.

After the motion to direct a verdict was made, plaintiff tendered various amendments, the purpose of which was to substitute as defendants the board of trustees of the town-

ship and the individual members of the board, and asked that
the court take cognizance of the action in
equity, and allow plaintiff's claim to be
established against such trustees. It was further asked,
by way of amendment, that a writ of mandamus be awarded
to compel the trustees to perform the duty resting upon them
of paying plaintiff's claim from the taxes set aside for that
purpose. But plaintiff was not entitled to set up a wholly
new cause of action against new defendants by amendments
tendered after the case was ready for submission to the jury.
If plaintiff was entitled to relief in equity, or in an action
for mandamus to compel an application by the trustees or
clerk of funds of the township to the payment of this claim,
it should have dismissed the action wrongfully brought, and
instituted an appropriate action against the proper parties.
It was not entitled to institute a wholly new and independent
action against new parties by way of amendment after the
case was ready for submission to the jury on its merits. The
proper function of an amendment after the trial of the case
is to conform the pleadings to the proofs, but it is not per-
mitted to substitute a new cause of action or bring in new
parties. The cases which could be cited in support of this
general proposition are so numerous that it is sufficient to
refer to the notes on the subject of amendment in the Code
and supplement. In *Hook v. Garfield Coal Co.,* 112 Iowa,
210, it was held proper to allow substitution of parties plain-
tiff on their own application, but we are not cited to any
authority which would justify the court in postponing the
trial so that new defendants can be brought in to respond
in a wholly different action, in order that plaintiff may be
allowed to have some relief against them which he is un-
able to secure against the defendant.

3. PLEADING:
amendment.

The judgment is *affirmed.*