CHARLES THEULEN, Appellant, v. THE TOWNSHIP OF VIOLA, AUDUBON COUNTY, IOWA, EDWARD BOWMAN, WILLIAM PERRINE, and ROBERT GILBERT.

**Towns:** CAPACITY TO SUE AND BE SUED. A civil township cannot
1  sue or be sued.

**Highways:** REPAIR: LIABILITY OF TRUSTEES. Township trustees are
2  not charged with the duty of keeping the highways in repair, and they are not liable for an injury caused by a defect therein.

*Appeal from Audubon District Court.*— HON. W. R. GREEN, Judge.

TUESDAY, JULY 7, 1908.

A DEMURRER to the petition was sustained, from which ruling the plaintiff appeals.— *Affirmed.*

*Geo. W. Bowman* and *J. M. Graham,* for appellant.

*Cosson & Ross,* for appellee.

LADD, C. J.— The petition alleged that plaintiff's daughter in riding along the highway in the defendant township, without fault on her part, was thrown from the buggy in which she was riding because of a deep hole or gully in the road. She was seriously injured, and, having assigned her claim for damages to plaintiff, he prayed for recovery thereof from the township and Bowman, Perrine, and Gilbert, its trustees.

A demurrer to this petition by the township was rightly sustained, as it is without capacity to sue or be sued. *Township of West Bend v. Munch,* 52 Iowa, 132; *Austin Western Co. v. Weaver Township,* 136 Iowa, 709.

The trustees are alleged as such to have had supervision and control of all the highways in the township, and to have been advised of the defect by telephone prior to the injury, and to have " negligently and carelessly allowed

2. HIGHWAYS: repair: liability of trustees.

the road to be in the defective condition as stated, and that the injury resulted therefrom." So that, unless these defendants as such officers owed the duty of maintaining the road in a safe condition, there can have been no breach thereof on which to predicate the charge of negligence. No doubt can exist as to the liability of a contractor or superintendent under section 1533, Code Supp. 1907, for damages resulting from some defect in the highway if previously notified in writing, and sufficient time has elapsed in which to repair the same. Sections 1536, 1557, Code. Unless so notified he is not liable. *Sells v. Dermody,* 114 Iowa, 344. But the duties of the trustees of a township, save that of levying taxes, are quasi-judicial. Under section 1528, Code Supp. 1907, the township trustees are required at their April meeting to fix the rate of tax for the succeeding year for roads, bridges, guide-boards, plows, scrapers, tools, and machinery, and to pay any indebtedness previously incurred for roads, to be determined and levied, which cannot be less than one mill nor more than four mills on the assessed value of the property in the township and shall be expended under their direction. They are also to say how much shall be allowed per day for the labor of a man, and for a man and team on the roads, and may certify to the board of supervisors a desire for one mill additional levy. See section 1530, Code Supp. 1907. Section 1532, Code Supp. 1907, requires them to consolidate the districts of the township, and, the section following, that,

Where the one road district plan is adopted, the board of township trustees shall order and direct the expenditure of the road funds and labor belonging or owing to the township; may let, by contract, to the lowest responsible competent bidder, any part or all of the work on the roads for the current year, or may appoint not to exceed four superintendents of roads, to oversee, subject to the direction of the board, all or any part of the work, but it shall not incur an indebtedness for such purposes unless the same has been or shall at the time be provided for by an authorized levy; and shall order the township road tax for the succeeding year paid in money and collected by the county treasurer. It shall cause both the property and poll road tax to be equitably and judiciously expended for road purposes in the entire road district; shall cause at least seventy-five per cent. of the township road tax locally assessed to be thus expended by the fifteenth day of July in each year; shall cause the noxious weeds growing in the roads to be cut twice a year, when necessary, and at such times as to prevent their seeding, and it may allow any landowner a reasonable compensation for the destruction thereof, when growing in the roads abutting upon his land. If a superintendent, or superintendents of roads be employed, it shall fix the term of office, which shall not exceed one year, and compensation, which shall not exceed three dollars a day; and no contract shall be made without reserving the right of the board to dispense with his services at its pleasure.

They are to require the qualification of the clerk, contractor, and superintendent, and are to " receive the same compensation per day for the time necessarily spent in looking after the roads as they do for other township business." Section 1538, Code Supp. 1907. It is apparent from mere reading of the several statutes that the duty of actually repairing the highways is not cast on the trustees. Their duty is to exercise general supervision, but the work is to be done and the responsibility assumed by the contractor or superintendent who is subjected to the same accountability as the supervisor under section 1557 of the Code. See section 1536. The duty of the board of trustees is to determine for which of the several purposes enumerated in the section

with reference to the tax levy and how much for each the money raised shall be expended, how much of that devoted to roads shall be set apart for each, whether the work shall be done by contract or through employment of superintendents, but it does not devolve upon them to perform the duty of keeping the roads in repair. That is the duty of the contractor or superintendent, and he alone is liable under the conditions, defined by statute for damages consequent upon omission of such duty. In short, all the duties of the board of trustees in such matters are quasi-judicial, and no liability attaches because of mere error or mistakes even negligent alone in their performance. See *Nolan v. Reed et al,* 139 Iowa, 68; Mechem on Public Officers, section 700; Throop on Public Officers, section 736. The ruling in sustaining the demurrer was correct.— *Affirmed.*