JOHN NOLAN, as Administrator of Estate of JAMES NOLAN, Deceased, Appellant, v. G. W. REED, JOHN JONES and THEODORE WAGNER.

**Highways:** DUTY TO REPAIR: LIABILITY OF SUPERVISORS. The duty of repairing highways is not imposed upon the county supervisors and they are not liable to one injured because of the alleged failure to repair a defective condition therein; their statutory duties are chiefly discretionary, a failure to exercise which is followed by no liability to a private individual, unless the result of malice or corruption.

*Appeal from Iowa District Court.*— HON. R. P. HOWELL, Judge.

THURSDAY, JULY 9, 1908.

THE petition alleged, in substance, that defendants are the supervisors of Iowa county; that a public highway extends from Wheeler's Corners north about a mile, then northeasterly to the bridge across the Iowa river, and on northerly to the city of Belle Plaine; that said defendants have negligently permitted the waters to cave in, take from, and gouge out of said highway from a few rods north of said Wheeler's Corners, and for the distance of almost the entire length of said highway there is a ravine, ditch or cañon, in some places to a width of twenty-five feet, for a considerable distance and a depth of thirteen feet, and that the said waters, at that particular place hereinafter mentioned, have been permitted by defendants to take from said highway twenty-five feet three inches thereof in width, and to a depth of thirteen feet three inches, and that the defendants had a

full and complete knowledge at all times of the condition of said highway; that upon ascertaining the dangerous condition of said highway the board of supervisors did appropriate $250, and expended the same thereon, appointing the bridge builder of the county to improve and render the same safe, and for some fifteen rods caused to be driven a large amount of piling in the ditch and placed riprapping therein; that the board also expended a like sum contributed by the citizens of Belle Plaine for that purpose, and for several years have been attempting to better said highway, but negligently refused and failed to render it safe by the erection of barriers or placing signal lights or other warning to the public of the danger; that plaintiff's decedent while driving along said highway in the evening of February 19, 1906, with a load of baled straw, without fault on his part, was precipitated with team and wagon into the ditch at a point where it was twenty-five feet three inches wide and thirteen feet three inches deep, and was killed. To this petition praying for damages to decedent's estate the defendants interposed a demurrer, which was sustained, and, as plaintiff elected to stand on the ruling, the petition was dismissed. Plaintiff appeals.— *Affirmed.*

*Tom H. Miller,* for appellant.

*W. E. Wallace,* for appellees.

LADD, C. J.— The defendants, as members of the board of supervisors of Iowa county, are alleged to have been guilty of such lapses in the discharge of their official duties as to render them responsible for the death of plaintiff's decedent, who in passing along the highway in going toward Belle Plaine, without fault on his part, drove his team from the traveled way into a ditch, and was killed. The particular acts of negligence alleged are in omitting to erect barriers along the embankment; in not maintaining signal lights or otherwise warning the public of the danger of the ditch; in

permitting the highway to become and remain unsafe because of the proximity of the ditch to the traveled way; and in maintaining the highway but forty feet wide, when it might have been done at sixty-six feet in width. According to the petition, the board had ample funds and had undertaken to improve and repair the road by the expenditure of $250. But it was not averred that anything done by the board was performed improperly, or that its expenditures on the highway had rendered it less safe to travelers or interfered with the care and maintenance of the road by the township officers. In other words, the sole complaint is that these officers have been guilty of non-feasance, in that they as members of the board did not see to it that a road in dangerous condition was made safe. That duty is not imposed on the board of supervisors, but on township officers. Chapter 2, title 8, Code; *Taylor v. Davis Co.*, 40 Iowa, 295; *Wilson v. Wapello Co.*, 129 Iowa, 77. Section 1482 of the Code does not conflict with this view; for, while it gives the board supervision of the roads of the county, it defines wherein by adding, " with power to establish, vacate, and change them as herein provided and to see that the laws in relation to them are carried into effect." Negligence in either of these respects is not alleged. The only authority of the board to interfere in the actual improvement or repair of the ordinary roads is found in the following statute:

Section 1530, Code Supp. 1907: The board of supervisors of each county shall, at the time of levying taxes for other purposes, levy a tax of not more than one mill on the dollar of the assessed value of the taxable property in its county, including all taxable property in cities and incorporated towns, which shall be collected at the same time and in the same manner as other taxes, and be known as the county road fund, and paid out only on the order of the board for the purchase of road tools or machinery or for work done on the roads of the county in such places as it shall determine. Provided that on written petition of a majority of the electors who are freeholders of any town-

ship in any county, the board of supervisors may levy an additional mill in said township, to be expended by said board of supervisors on roads in townships where same is levied; but so much of the county road fund as arises from property within any city or incorporated town, except such *pro rata* share as may have been expended by the board for the purchase of road tools or machinery, shall be expended on the roads or streets within such city or town, or on roads adjacent thereto, under the direction of the city or town council; and the county treasurer shall receive the same compensation for collecting this tax as he does for collecting corporation taxes. Moneys so collected shall not be transferable to any other fund nor used for any other purpose. The board of supervisors shall levy such an additional sum for the benefit of such townships as shall have certified a desire for such additional levy, as provided for in section fifteen hundred and twenty-eight of this chapter; but the amount of general township fund and the county road fund shall not exceed in any year five mills on the dollar.

Section 1531, Code: It shall, at the regular meeting in April, determine from the auditor's and treasurer's books the amount of money collected and credited to said road tax fund. It shall also determine the manner in which said tax shall be expended, whether by contract or otherwise.

Manifestly the powers to be exercised under these sections save that of levying the tax are discretionary. Upon the creation of the county road fund, the board is to determine upon which of the many highways in the county the money shall be expended, and the relative portion of the limited amount at its disposal which shall be devoted to each. In deciding these matters, not only the condition of the highways, but the ability of the several townships to care for those within their borders, should be considered; and then the method of expending the money is to be determined, whether by contract or otherwise. This necessarily depends on the character and extent of the improvements to be made. All these are matters requiring investigation and judgment in their determination, and the members of the board are not liable to any private party for any neglect in the exercise of

these discretionary powers, where neither malice nor corruption have exerted an influence. *McCord v. High,* 24 Iowa, 342; *Sells v. Dermody,* 114 Iowa, 344; Elliott on Streets and Roads, section 577 *et seq.; State v. Young,* 134 Iowa, 505, 512. Possibly the county may be responsible for the proper performance of such work as the board undertakes to do under the sections quoted. If so, it is to be said that no claim is made but that the improvements as made were carefully executed, and the road in no worse condition than before. The action of the board in no way relieved the road supervisors or superintendent of the duty to maintain the roads in a reasonably safe condition, nor did it assume for the county that duty. The burden of the complaint is not that anything was done improperly, but that not enough was done to render the highway from Belle Plaine by way of Wheeler's Corners reasonably safe. As said, the determination of whether anything should be done on that road by the county and the amount was discretionary with the board, and the several members of the board of supervisors are not liable for any neglect or errors therein, unless influenced by malice or corruption, neither of which was charged in the petition. The ruling in sustaining the demurrer is approved. — *Affirmed.*