LYDIA O'NEIL, Appellant, v. C. H. STUBER et al., Appellees.

**MANDAMUS:** Controlling Township Trustees in Repair of Highway.

1 Mandamus will not lie to *control* the statutory discretion of the township trustees to "equitably and judiciously" expend the township road funds, even though it be conceded that ample funds are on hand. (Sec. 1533, Code Supp., 1913; Sec. 4341, Code, 1897.)

**MANDAMUS:** Controlling Road Supervisors in Repair of Highway.

2 Mandamus will not lie to compel a township road supervisor or contractor to put a highway in a passable condition, in the absence of allegation and proof that road funds are on hand, and have been actually apportioned for that purpose by the township trustees.

*Appeal from Wapello District Court.*—FRANCIS M. HUNTER,
Judge.

MAY 7, 1918.

ACTION in mandamus to require the trustees of a township to cause a certain highway to be put in passable condition, and to require an equitable apportionment of the road funds to be made for that purpose. On motion, the petition was dismissed. The plaintiff appeals.—*Affirmed.*

*Elmer K. Daugherty,* for appellant.

*Roberts & Webber,* for appellees.

LADD, J.—This is a suit in mandamus, to compel the trustees of a civil township to make an equitable application of road funds, and put in passable condition a described highway. The petition was dismissed on defendant's motion, for "that there is no provision in the statute authorizing mandamus proceedings against a township trustee or road contractor, either severally or jointly, in a case like this." According to the petition, plaintiff was owner of "the NE¼ of SE¼ of Sec. 11, in Twp. 93 North, of Range 15 W." An established highway extends from the northeast corner of this land westerly three quarters of a mile, along the north line of it and beyond, thence south a half mile, and west and south into Eddyville. This road is alleged to be the only direct and practical outlet from this land to Eddyville, the nearest and most accessible market place. It is out of repair, and is impassable for loaded vehicles. Little or no work has been done thereon during the five years last past, and it has grown up to weeds, and gullies have been washed through it and remained for months. Those having business on the premises have been unable to reach them save on foot or through neighboring fields, and the tenant in possession is unable to market his crops, owing

1. MANDAMUS:
controlling
township trustees in repair
of highway.

to the impassable and dangerous condition of said road. Though plaintiff and others have frequently complained to defendants, who are the township trustees and road supervisor or contractor, about the condition of this highway, and requested that it be made passable, they have failed and neglected to comply, or to repair the same.

By way of amendment, she added:

"That said township trustees had ample funds in their hands or under their control, so that said road could have been placed in passable condition, and that they still have funds for that purpose, or will have as soon as the spring taxes are distributed, and that they have failed and neglected to cause the same to be equitably expended upon the highways of said township, including therein the highway complained of, and are still neglecting and refusing to cause said funds to be equitably expended upon said roads, including the road in question, but are refusing to cause, order, or direct the expenditure of any part of said funds upon the highway in question. That this plaintiff has no plain, speedy or adequate remedy at law."

The prayer was that a writ of mandamus be issued, requiring defendants to put said highway in a passable condition within a reasonable time, and that they make an equitable apportionment of the road funds of said township, and that they direct the expenditure of a sufficient portion thereof on the highway in question to put same in passable condition. An answer was filed, conceding said road not to have been in good condition, but alleging that "defendants were proceeding to work said road along with others as fast as they could, at the time this action was commenced, and that they have since worked said road and placed in a good traveling condition."

Later, after some rulings, defendants filed a general denial, and moved, as stated, that the proceedings be dismissed. The allegations that the particular highway was

out of repair, or not in a passable condition,

2. MANDAMUS: controlling road supervisors in repair of highway.

and that the trustees had refused to put the same in a passable condition, failed to state a case; for it is the duty of the supervisor or contractor to perform or cause to be performed the work on the roads, provided sufficient funds are provided therefor, and have been apportioned for that purpose, and this is not alleged in the petition. The petition did not allege any breach of or omission to perform any duty imposed on township trustees or road supervisor or contractor. But the amendment averred: (1) That the trustees had ample funds on hand or under their control, out of which the road could have been put in passable condition; (2) that they still have funds, or will have as soon as the spring taxes are distributed; (3) that they have failed to cause the same to be equitably expended on the highways, including that in controversy; (4) that they are still refusing to cause said funds to be equitably expended, including that under consideration, and are refusing to direct the expenditure of said funds on this particular highway.

Section 1533, Code Supplement, 1913, requires the board of trustees to "cause both the property and poll road tax to be equitably and judiciously expended for road purposes in the entire road district; shall cause at least 75% of the township road tax locally assessed to be thus expended by the 15th day of July in each year." It is not alleged that this had not been done, nor that the funds on hand had not been set apart for other purposes, such as the destruction of noxious weeds, dragging the roads, or even for the repair of other roads in the township. The mere fact that funds are on hand is not controlling; for these may have been, or in the future may be, in the discretion of the trustees, devoted to other objects; and the statement in the alternative that there are funds, or will be later, for the particular purpose, adds nothing; for the trustees could not well be

charged with avoiding their duty with reference to funds not collected nor available. In any event, the mere fact that there are funds, or will be in the future, to repair or improve certain highways, is not enough. Such funds are to "be equitably and judiciously expended for road purposes in the entire road district." The performance of this duty of determining where and how these funds shall be expended exacts the exercise of discretion, of the best judgment of the board of trustees. In other words, as said in *Theulen v. Township of Viola,* 139 Iowa 61, "The duties of trustees of a township, save that of levying taxes, are quasi judicial;" and, later on, with reference to a statute like that from which we have quoted:

"The duty of the board of trustees is to determine for which of the several purposes enumerated in the section with reference to the tax levy, and how much for each, the money raised shall be expended, how much of that devoted to roads shall be set apart for each, whether the work shall be done by contract or through employment of superintendents; but it does not devolve upon them to perform the duty of keeping the roads in repair. That is the duty of the contractor or superintendent, and he alone is liable under the conditions defined by statute for damages consequent upon omission of such duty. In short, all the duties of the board of trustees in such matters are quasi judicial, and no liability attaches because of mere error or mistakes even negligent alone in their performance. See *Nolan v. Reed,* 139 Iowa 68."

Section 4341, Code Supplement, 1913, provides that:

"Where discretion is left to the inferior tribunal or person, the mandamus can only compel it to act, but cannot control such discretion."

It is not pretended that the board of trustees have not acted, or have refused to act, as exacted in the excerpt from the statute quoted. All contended or alleged is that it has

not acted as plaintiff thinks it should have in putting the particular highway in which she is interested in a passable condition.    The relative situation of the road supervisor, superintendent, or contractor is pointed out in *Sells v. Dermody,* 114 Iowa 344, where the court quotes from Shearman & Redfield on Negligence (3d Ed.), 156, as follows:

"The liability of a public officer to an individual for his negligent acts or omissions in the discharge of an official duty depends altogether upon the nature of the duty of which the neglect is alleged. Where his duty is absolute, certain, and imperative, involving merely the execution of a set task,—in other words, is simply ministerial,—he is liable in damages to anyone specially injured either by his omitting to perform the task or by performing it negligently or unskillfully. On the other hand, where his powers are discretionary, to be exerted or withheld according to his own judgment as to what is necessary and proper, he is not liable to any private person for a neglect to exercise those powers, nor for the consequences of a lawful exercise of them, where no corruption or malice can be imputed, and he keeps within the scope of his authority."

See also *Patterson v. Vail,* 43 Iowa 142, *Larkin v. Harris,* 36 Iowa 93, *Myers v. Priest,* 145 Iowa 81, *Ford v. Doolittle,* 157 Iowa 210, with reference to the powers and duties of a road supervisor or officer, exercising like functions. Here, the issuance of a writ of mandamus would involve a command to the board of trustees to repair a particular road so as to render it passable, and a holding that it had not or was not about to "equitably and judiciously" expend the funds in caring for the roads. We have no hesitation in saying that these are matters of discretion, and may not be controlled by mandamus. Any other conclusion would render the office of township trustee all but intolerable; for he would be subject to suit at the instigation of everyone disappointed in the distribution of funds for the care of the

highways,—not to mention the diversion of such funds in petty litigation, the consequent delays where promptness is important, and the superior qualification of the trustees, because of local conditions and the topography of the township, not possessed by the courts. We have no hesitation in approving the ruling of the trial court that the action of mandamus will not lie in such a case, for that the acts complained of are those of official discretion.—*Affirmed*.

PRESTON, C. J., EVANS and SALINGER, JJ., concur.